J-S72025-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,  :    IN THE SUPERIOR COURT OF
                                  :              PENNSYLVANIA
             Appellee      :
                                    :
          v.                 :
                                    :
SAMUEL BUCKNER,              :
                                    :
            Appellant     :      No. 613 WDA 2014

Appeal from the Judgment of Sentence Entered September 18, 2012,
In the Court of Common Pleas of Erie County,
Criminal Division, at Nos. CP-25-CR-0000649-2012
and CP-25-CR-0001260-2012.

BEFORE:  BENDER, P.J.E., SHOGAN, J., and STRASSBURGER, J.*

MEMORANDUM BY SHOGAN, J.:          **FILED NOVEMBER 24, 2014**

Samuel Buckner ("Appellant") appeals from the judgment of sentence imposed following his July 25, 2012 jury conviction of aggravated assault, recklessly endangering another person ("REAP"), possession of a weapon, and firearms not to be carried without a license at docket number 649 of 2012.[1]  We affirm.

The trial court summarized the factual and procedural history of this case as follows:

---

*Retired Senior Judge assigned to the Superior Court.

[1]  Appellant pled guilty to fleeing or attempting to elude police officer and driving under suspension on September 5, 2012, at docket number 1260 of 2012.  Appellant does not challenge the judgment of sentence imposed for those two convictions.

On December 26, 2011, Denairo Price and [his uncle] Dion Pullium arrived at the Country Fair store in Pullium's silver Land Rover. Pullium went into the store and Price left the vehicle to urinate behind a dumpster. As Price walked back towards the vehicle, he heard Appellant say "what's up" twice. Price and Appellant disliked each other so Price removed his cellular telephone and shirt in anticipation of a fight. Price, who was unarmed, walked toward Appellant and swung at him. Price heard a shot, turned around and started to run. Price was then shot in the buttocks and arm. Price did not see Appellant with a firearm. N.T. Trial (Day 1), 7/24/12, at 25–30, 43.

Following the shooting, police went to the scene and recovered shell casings and the convenience store's video surveillance. The video surveillance reflected that Appellant pulled a gun from his waistband and shot at Price four times. Police also obtained a videotaped statement from Appellant. N.T. Trial (Day 1), 07/24/12, at 58, 64–65, 70–72, 85, 90, 92.

On July 25, 2012, following a two-day jury trial, Appellant was found guilty of the aforementioned offenses.

* * *

On September 18, 2012, at . . . Docket No. 649 of 2012, Appellant was sentenced to a term of 21 to 120 months' incarceration at Count 2 (aggravated assault), consecutive to Docket No. 1260 of 2012, and a term of 12 to 24 months' incarceration at Count 4 (firearms not to be carried without a license), consecutive to Count 2. Counts 3 and 5 merged for sentencing purposes.

Appellant did not file a post-sentence motion, nor did he take a direct appeal. . . . On September 6, 2013, Appellant filed *pro se* PCRA petitions. . . . Following an evidentiary hearing, this Court reinstated Appellant's post-sentence and appellate rights on March 13, 2014. On March 24, 2014, Appellant filed a Motion For Post Sentence Relief, which this Court denied on March 26, 2014.

Trial Court Opinion, 8/1/14, at 1–2. This appeal followed. The trial court and Appellant complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Appellant presents the following questions:

[Whether t]he evidence in this case was insufficient to prove that the defendant committed the crimes of aggravated assault, reckless, [sic] endangerment, possession of a weapon, and firearms not to be carried without a license[?]

[Whether t]he sentences in this case were manifestly excessive and clearly unreasonable, especially in their consecutiveness[?]

Appellant's Brief at 2 (full capitalization omitted).

Appellant first challenges the evidence as insufficient to support the convictions because the police did not recover a firearm, the victim did not identify Appellant at trial as the shooter, and other witnesses failed to identify Appellant at trial as the shooter. Appellant's Brief at 5. In response, the Commonwealth argues that the videotaped surveillance and Appellant's videotaped statement were sufficient to sustain the convictions. Commonwealth's Brief at 1.

In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. *Commonwealth v. Diamond*, 83 A.3d 119 (Pa. 2013). It is within the province of the fact-finder to determine the weight to

be accorded to each witness's testimony and to believe all, part, or none of the evidence. **Commonwealth v. James**, 46 A.3d 776 (Pa. Super. 2012). The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. **Commonwealth v. Vogelsong**, 90 A.3d 717, 719 (Pa. Super. 2014). "[I]n applying the above test, the entire record must be evaluated and all evidence actually received must be considered." **Commonwealth v. Estepp**, 17 A.3d 939, 944 (Pa. Super. 2011). Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. **Commonwealth v. Ratsamy**, 934 A.2d 1233 (Pa. 2007).

Appellant was convicted of aggravated assault, REAP, possession of a weapon, and firearms not to be carried without a license. "A person is guilty of aggravated assault if he: (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]" 18 Pa.C.S. § 2702(a)(1). As for REAP, "[a] person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705. Regarding possession of a weapon, "[a] person commits a misdemeanor of the first degree if he possesses a firearm or other weapon concealed upon his person with intent to employ it criminally."

-4-

18 Pa.C.S. § 907(b). Lastly, "any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree." 18 Pa.C.S. § 6106(a)(1). To secure convictions against Appellant, the Commonwealth had to prove each element of these offenses beyond a reasonable doubt. *Diamond*, 83 A.3d 119.

After setting forth the appropriate standard of review, the trial court concluded that Appellant's sufficiency challenge lacked merit:

> Here, the surveillance videotape and Appellant's videotaped statement reflect that Appellant shot at the victim four times. In fact, the defense theory was that Appellant shot the victim out of self-defense. Accordingly, the fact that the gun was not recovered or that the victim and/or eyewitness did not identify him at trial as the shooter is not dispositive.
>
> The evidence, as well as all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner, was sufficient to sustain the jury's verdict on all counts. Accordingly, this claim is meritless.

Trial Court Opinion, 8/1/14, at 4. Upon review, we agree.

Although the victim did not identify Appellant in the videotaped surveillance, he identified Appellant at trial as the man (a) who approached him outside of the Country Fair store; (b) who he swung at before hearing gunshots; and (c) who was the only person standing in the area. N.T., 7/24/12, at 27–29, 31. An eyewitness also identified Appellant at trial as

-5-

"the man with the gun" who shot at "the man who raised his fist" (the victim). *Id.* at 45–49.

Additionally, Detective Bizzarro informed the jury that he interviewed Appellant and obtained a videotaped statement in which Appellant admitted shooting the victim. N.T., 7/24/12, at 65–66; Commonwealth Exhibit C. The detective also commentated over the videotaped surveillance that Appellant pulled a gun from his right waistband as the victim threw a punch and fired four shots at the victim. *Id.* at 67–72, 85.

Based on the foregoing, we conclude that the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offenses beyond a reasonable doubt. *Diamond*, 83 A.3d 119.

In his second issue, Appellant contends that the trial court erred in imposing a manifestly unreasonable sentence, and thus, he challenges the discretionary aspects of his sentence. Appellant's Brief at 5. It is well settled that there is no absolute right to appeal the discretionary aspects of a sentence. *Commonwealth v. Hartle*, 894 A.2d 800, 805 (Pa. Super. 2006). Rather, an appellant's appeal should be considered to be a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007).

As we observed in **Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Id**. at 170 (citing **Commonwealth v. Evans**, 901 A.2d 528 (Pa. Super. 2006)).

Whether a particular issue constitutes a substantial question about the appropriateness of a sentence is a question to be evaluated on a case-by-case basis. **Commonwealth v. Kenner**, 784 A.2d 808, 811 (Pa. Super. 2001). As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. **Commonwealth v. Malovich**, 903 A.2d 1247, 1252 (Pa. Super. 2006). An appellant must articulate the reasons the sentencing court's actions violated the sentencing code. **Id**. "A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms

underlying the sentencing process." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1133 (Pa. Super. 2009) (citations omitted).

Herein, the first three requirements of the four-part test are met; Appellant brought an appropriate appeal, raised the challenge in his post-sentence motions, and included in his appellate brief the necessary separate concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Therefore, we will next determine whether Appellant has raised a substantial question requiring us to review the discretionary aspects of the sentence imposed by the trial court.

Specifically, in his Pa.R.A.P. 2119(f) statement, Appellant claims that "the Court erred in sentencing him to consecutive sentences instead of concurrent sentences and that the sentence was thus manifestly excessive and clearly unreasonable, especially since the charges all arose from the same incident." Appellant's Brief at 5–6. This Court has instructed that "the imposition of consecutive rather than concurrent sentences lies within the discretion of the sentencing court, and a challenge to the imposition of consecutive sentences does not raise a substantial question." ***Commonwealth v. Lloyd***, 878 A.2d 867, 873 (Pa. Super. 2005). Accordingly, to the extent that Appellant asserts an abuse of discretion for imposing consecutive sentences, such a claim fails to present a challenge which raises a substantial question to justify this Court's review. Thus, we

decline to address this issue. To the extent Appellant asserts an abuse of the trial court's discretion in sentencing based on other factors,[2] we decline to address them because Appellant has failed to present argument in a manner making meaningful appellate review possible. ***Accord Commonwealth v. Love***, 896 A.2d 1276, 1287 (Pa. Super. 2006) ("Of particular importance is the provision of [Pa.R.A.P.] 2119(a) that a brief must contain a developed argument augmented by citation to pertinent authorities. Arguments not appropriately developed are waived.").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/24/2014

---

[2] In the argument section of his brief, Appellant asserts that the sentencing court failed to consider mitigating factors and imposed a sentence based on speculation. Appellant's Brief at 7–8.