# Evans *v.* Scott-Powell Dairies, Inc., Appellant.

Argued May 12, 1942. Before SCHAFFER, C. J.;
MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Robert P. F. Maxwell,* with him *George F. Blewett,*
for appellant.

*Emanuel W. Beloff,* for appellee.

PER CURIAM, May 25, 1942:
The jury having disagreed, defendant asked for judg-
ment on the whole record. This was properly refused be-

cause, assuming—as for present purposes we must—that the testimony of plaintiff and his witnesses was true, the questions of negligence and contributory negligence require submission to a jury.

About three A. M. standard time on July 23, 1933, plaintiff drove an automobile south on Twelfth Street, Philadelphia, at the rate of eighteen to twenty miles an hour. Twelfth Street is approximately twenty-six feet between curbs with a single car track in the center, and the automobile was running almost within the track. As plaintiff approached Durfor Street, which is a small street about fourteen feet between curbs, he looked east and west but saw nothing. There was no street light on any of the corners and shade trees lined the easterly side of Twelfth Street at that point. A horse, dark in color, drawing a wagon without a light, came suddenly from his left; to the excited plaintiff it seemed that it "shot out like a bullet." The horse did not get in front of the automobile; his head was about a foot to the left of the radiator cap and three feet in front of the windshield when plaintiff, to avoid a collision, swerved sharply to the right and into a telegraph pole at the southwest corner; apparently, however, there was some contact between the vehicles for the right shaft of the wagon was broken. The driver was not on the wagon at the time of the accident but was on foot delivering milk to houses on both sides of Durfor Street.

Leaving a horse unattended on a city street and not under the control of a driver raises a presumption of negligence, placing upon the person so doing the burden of justifying the act; whether that burden has been met is a question for the jury: *Henry v. Klopfer,* 147 Pa. 178, 23 A. 337; *Stevenson v. United States Express Co.,* 221 Pa. 59, 70 A. 275; *Jordan v. Eisele,* 273 Pa. 95, 116 A. 675. "The presence of an unattended horse on the highway is sufficient evidence to allow the jury to infer negligence on the part of those whose duty it was to restrain him": *Bender v. Welsh,* 344 Pa. 392, 396, 25 A.2d 182, 184.

As far as plaintiff's contributory negligence is concerned, the picture, as presented by him, is that of a dark horse and wagon coming out of a dark street on a dark night, and, as in *Tassoni v. LeBoutillier,* 130 Pa. Superior Ct. 303, 305, 196 A. 534, 535, when the accident occurred plaintiff's automobile had passed the point where its lights lit up the intersecting road. Under such circumstances it is for a jury to say whether plaintiff, had he looked to his left with sufficient care, could have seen the horse and wagon approaching the intersection.

At the trial plaintiff was allowed to amend the caption of the case so as to describe defendant as a Maryland instead of a Delaware corporation. This amendment was properly allowed: *Meitzner v. Baltimore & Ohio R. R. Co.,* 224 Pa. 352, 356, 73 A. 434, 435.

The order of the court overruling defendant's motion for judgment is affirmed.