COMMONWEALTH of Pennsylvania, Appellee

v.

Dora Gay VOGELSONG, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 9, 2013.
Filed April 3, 2014.
Reargument Denied June 2, 2014.

Linda S. Hollinger, Carlisle, for appellant.

Charles J. Volkert, Jr., Assistant District Attorney, Carlisle, for Commonwealth, appellee.

BEFORE: BENDER, P.J., PANELLA, J., and MUSMANNO, J.

OPINION BY PANELLA, J.:

Appellant, Dora Gay Vogelsong, appeals from the judgment of sentence entered pursuant to her conviction for recklessly endangering another person by the Honorable Albert H. Masland, Court of Common Pleas of Cumberland County. In this appeal, we are asked to determine whether the mere fact that a horse is found unattended on a busy roadway is sufficient to present a *prima facie* case of reckless endangerment. After reviewing all available Pennsylvania precedent, we conclude that it does, and therefore affirm the judgment of sentence.

A short statement of the factual background is sufficient for our conclusion. Twice in a single day, officers of the Silver Spring Township Police Department received calls indicating that Vogelsong's horse was on a local roadway. In the second incident, a car hit the horse. After a non-jury trial, Vogelsong was convicted of recklessly endangering another person, while being found not guilty of cruelty to animals and driving while her license was suspended, and was sentenced to a probationary period of 12 months. This timely appeal followed.

On appeal, Vogelsong raises a single issue for our review:

> Was the evidence presented at trial sufficient to sustain a conviction of recklessly endangering another person when appellant was negligent under Pennsylvania law, when the evidence indicated that the risk of injury was created solely because of appellant's omissions of action, and because the evidence proved appellant did not have the actual present

ability to inflict harm at the time of the accident?

Appellant's Brief, at 5.

■ The standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom is sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. *See Commonwealth v. Dale,* 836 A.2d 150, 152 (Pa.Super.2003). The Commonwealth may sustain its burden of proving every element beyond a reasonable doubt by means of wholly circumstantial evidence. *See Commonwealth v. Bruce,* 207 Pa.Super. 4, 916 A.2d 657, 661 (2007), *appeal denied,* 593 Pa. 754, 932 A.2d 74 (2007).

The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. *See id.* Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. *See id.* As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record. *See Commonwealth v. Kinney,* 863 A.2d 581, 584 (Pa.Super.2004), *appeal denied,* 584 Pa. 685, 881 A.2d 819 (2005). Therefore, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Bruce,* 916 A.2d at 662 (citation omitted).

■ Recklessly endangering another person is a crime "directed against reckless conduct entailing a serious risk to life or limb out of proportion to any utility the conduct might have." *Commonwealth v. Rivera,* 349 Pa.Super. 303, 503 A.2d 11 (1985) (*en banc*). As a result, to support a conviction, the evidence must establish that the defendant acted recklessly in a manner that endangered another person. *See* 18 PA. CONS.STAT. ANN. § 2705. A person acts in a reckless manner when he consciously disregards a substantial and unjustifiable risk. *See* 18 PA. CONS.STAT. ANN. § 302(b)(3).

■ In contrast, a person acts in merely a negligent manner when he should have known that his actions created a substantial and unjustifiable risk. *See* 18 PA. CONS. STAT. ANN. § 302(b)(4). "Recklessness is distinguishable from negligence on the basis that recklessness requires conscious action or inaction which creates a substantial risk of harm to others, whereas negligence suggest unconscious inadvertence." *Tayar v. Camelback Ski Corp., Inc.,* 616 Pa. 385, 402, 47 A.3d 1190, 1200 (2012).

Vogelsong's challenge to the sufficiency of the evidence consists of two prongs. First, Vogelsong contends that the evidence at trial could not, as a matter of law, establish that she acted with a reckless state of mind. In support of her argument, she cites to four venerable appellate court decisions: *Bender v. Welsh,* 344 Pa. 392, 25 A.2d 182 (1942); *Evans v. Scott Powell Dairies,* 344 Pa. 595, 26 A.2d 449 (1942); *Tassoni v. LeBoutillier,* 130 Pa.Super. 303, 196 A. 534 (1938); and *Weikel v. Pullman Taxicab Co.,* 59 Pa.Super. 595, 1915 WL 4351 (Pa.Super.1915). Vogelsong argues that these cases hold that allowing a horse to wander onto a busy roadway can constitute no more than mere negligence. However, each of these cases involve appeals from civil matters, where the plaintiff had asserted mere negligence. None of them stand for the proposition that allowing a horse to roam free on a public, busy roadway can be *no more* than negligence.

■ In fact, each of these cases supports the proposition that the presence of a horse on a busy roadway constitutes a

*prima facie* showing of the owner's negligence, sufficient to present the case to a jury. *See Bender,* 344 Pa. at 396, 25 A.2d at 184 ("Hence the presence of an unattended horse on the highway is sufficient evidence to allow the jury to infer negligence on the part of those whose duty it was to restrain him . . ."); *Evans,* 344 Pa. at 596, 26 A.2d at 450 ("Leaving a horse unattended on a city street and not under the control of a driver raises a presumption of negligence, placing upon the person doing so the burden of justifying the act . . ."); *Tassoni,* 196 A. at 536 ("[A]s a general thing, it is negligence to permit them to wander where they may do as well as receive injury."); *Weikel,* 59 Pa.Super. 595, 1915 WL 4351, at *1 ("It is true that the owner of a horse is prima facie guilty of negligence if he leaves him unhitched and unattended in a public street."). Thus, these Courts all held that, as a matter of law, the owner of a horse should be aware of the danger posed by the horse wandering onto a busy roadway. We further conclude that this presumption of knowledge of the risk is sufficient to present a *prima facie* case for recklessness. While in a criminal matter this presumption cannot shift the burden of proof to the defendant, it is sufficient to allow a jury to consider whether the defendant acted in a reckless manner.

■ Furthermore, in this case, the Commonwealth presented evidence, if believed, that Vogelsong had been made aware of the risk posed by allowing her horse to wander on the busy roadway. Officer David Jenkins testified that he was called to King Road at approximately 3 a.m. to check on a horse that was on the road. *See* N.T., Trial, 1/22/13, at 20. Officer Jenkins canvassed the neighborhood to identify who owned the horse. *See id.* One neighbor suggested checking with Vogelsong, and upon doing so, Officer Jen-

kins discovered that the horse on the road was hers. *See id.,* at 21. After returning the horse to Vogelsong's property, Officer Jared Huff instructed Vogelsong to take action to prevent it from wandering back on the busy roadway. *See id.*

Officer Jenkins received a complaint about a motorist hitting a horse on Wertzville Road on his next shift on that same day at approximately 6:40 p.m. *See id.,* at 22. After reviewing the damage to the vehicle and receiving a description of the horse involved, Officer Jenkins proceeded to Vogelsong's property. *See id.,* at 24. Officer Jenkins informed Vogelsong that he was investigating an accident involving a horse. *See id.* Vogelsong replied by asking, "Well, what do you think I'm looking for?" *Id.* Officer Jenkins reminded Vogelsong that she had been warned that the horse posed a danger if it was allowed to roam loose on the busy roadway. *See id.,* at 24–25. Vogelsong responded, "Just shoot the [expletive] horse and take me to jail." *Id.,* at 25.

This evidence, if believed, was sufficient to allow fact-finder to infer that Vogelsong was aware of the substantial risk her horse posed to motorists on the busy roadway. Thus, the fact that the horse was again on the busy roadway later the same day was sufficient to establish that she consciously disregarded the risk by failing to restrain the horse. We therefore conclude that Vogelsong's challenge to the sufficiency of the evidence to establish that she acted in reckless manner merits no relief.

■ In her second challenge to the sufficiency of the evidence, Vogelsong argues that the evidence was insufficient to establish that she had "the actual present ability to cause death or serious bodily injury to another, and not merely the apparent ability to do so. *In re Maloney,* 431 Pa.Super. 321, 636 A.2d 671, 674 (1994); *Com. v. Cordoba,* 902 A.2d 1280, 1287 (Pa.Su-

per.2006)." Appellant's Brief, at 14. However, Vogelsong misapprehends the nature of the Commonwealth's burden. "[I]n order to make out a *prima facie* case for recklessly endangering another person, the Commonwealth need only establish that the defendant's conduct placed or *may have placed* another in *danger* of serious bodily injury or death." *Commonwealth v. Cordoba*, 902 A.2d 1280, 1288–1289 (Pa.Super.2006). It is not Vogelsong herself that must be proven to have the present ability to cause death or serious bodily injury to another, it is her actions.

In the present case, as we have laid out above, Vogelsong's failure to restrain her horse certainly created a danger of serious bodily injury or death to motorists on the busy roadway. As such, we conclude that Vogelsong's final issue on appeal merits no relief.

Judgment of sentence affirmed. Jurisdiction relinquished.