J-S27036-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TERRANCE POTEAT | |
| Appellant | No. 1702 WDA 2013 |

Appeal from the Judgment of Sentence entered August 20, 2013
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001997-2012

BEFORE:  GANTMAN, P.J. , ALLEN, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:              **FILED AUGUST 07, 2014**

Appellant, Terrance Poteat, appeals from the August 20, 2013 judgment of sentence imposing three to six years of incarceration for possession with intent to deliver a controlled substance ("PWID"), possession of a controlled substance, delivery of a controlled substance, and possession of drug paraphernalia.[1]  We affirm.

The trial court's Pa.R.A.P. 1925 opinion sets forth the following facts, which are not in dispute:

> On July 19, 2012, a confidential informant met with Fayette County Drug Task Force Detectives Norman Howard and Troy Rice.  The detectives were working with the informant to

_____

[1]  35 P.S. § 780-113(a)(16) (Possession), (30) (Delivery and PWID), and (32) (Paraphernalia).  The trial court imposed three to six years of incarceration for PWID and no further penalty on the remaining convictions.

conduct a controlled heroin 'buy' and subsequent 'bust.' The informant indicated to the detectives that he could purchase heroin from [Appellant]. He contacted [Appellant] via phone to purchase a 'bundle,' which is ten (10) glassine packets of heroin, for one hundred twenty (120) dollars. After a thorough search of the informant's person and vehicle, the detectives followed the informant's vehicle in an undercover vehicle and kept him in sight as he drove to meet [Appellant].

When the informant approached [Appellant], [Appellant] placed two garbage bags into the informant's vehicle: one in the backseat and the other in the trunk. The informant drove [Appellant] to another residence, and [Appellant] entered the residence where he was inside for several minutes. Upon exiting the residence, [Appellant] reentered the informant's vehicle where the drug exchange occurred. Giving their agreed upon signal, the informant tapped the roof of his vehicle with his hand, and the detectives notified standby police officers to stop the vehicle.

Once the vehicle was stopped, the detectives approached and asked the informant to exit the vehicle and place his hands on it with his legs spread. [Appellant] was also approached. At that time, a *Terry*[2] frisk was conducted, and Detective Howard found three (3) bundles of heroin in [Appellant's] pants pocket but no money. He was then placed into custody. The informant was also subjected to a *Terry* frisk, and one (1) bundle of heroin was recovered from his person. The one hundred twenty (120) dollars was not found on him. He was placed under fake arrest in order to avoid exposing him as a confidential informant. The detectives proceeded to search the vehicle and found some personal items belonging to [Appellant] in the trash bags but no additional drugs, money, or paraphernalia.

[Appellant] was then transported to the Uniontown City Police Station where he was read his *Miranda*[3] warnings before being interviewed by the detectives. He waived his *Miranda* rights and wrote a statement, which read: 'I found this

_____

[2] *Terry v. Ohio*, 392 U.S. 1 (1968).

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

stuff not knowing if it was real or not. So I kept it until I had time to see if it's real or not. Because I was moving from one house it [sic] another. And I kept it until I was able to see if was [sic] real (Because I am a user) it helps me deal with my pain.'

[Appellant] was charged with Delivery, [PWID], Possession, and Possession of Drug Paraphernalia. A jury trial was held on August 8-9, 2013, and [Appellant] was convicted on all counts.

Trial Court Opinion, 12/18/13, at 2-3.

Appellant raises two issues in this timely appeal:

1. The Commonwealth failed to prove beyond a reasonable doubt that [Appellant] possessed the controlled substance with intent to deliver them [sic] to another party.

2. The Commonwealth failed to prove beyond a reasonable doubt that [Appellant] delivered the controlled substance to another party.

Appellant's Brief at 5.

Both of Appellant's arguments challenged the sufficiency of the evidence. We conduct our review as follows:

The standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom is sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. The Commonwealth may sustain its burden of proving every element beyond a reasonable doubt by means of wholly circumstantial evidence.

The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record. Therefore, we will not disturb the verdict unless the evidence is so weak and inconclusive that as a matter of law no

- 3 -

probability of fact may be drawn from the combined circumstances.

*Commonwealth v. Vogelsong*, 90 A.3d 717, 719 (Pa. Super. 2014) (citations and quotation marks omitted). As sufficiency of the evidence presents a question of law, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Staton*, 38 A.3d 785, 789 (Pa. 2012).

Appellant asserts the evidence is insufficient because the Commonwealth produced no direct evidence in support of his PWID and delivery convictions. Appellant's Brief at 7. He further argues his convictions were based on mere conjecture or surmise. *Id.* at 8. This is so, according to Appellant, because neither of the testifying detectives saw the actual transaction take place, and because they did not recover the pre-recorded buy money. *Id.* at 9-10.

Appellant's argument lacks merit because a conviction can rest entirely on circumstantial evidence. *Vogelsong*, 90 A.3d at 719. In addition, the detectives observed the confidential informant call Appellant to arrange the deal and travel to meet Appellant to conduct the deal, which was for one bundle of heroin. When the informant signaled to the detectives that the transaction was complete, police arrested both men and found one bundle of heroin on the informant's person that he did not have prior to the transaction. In summary, the record contains overwhelming evidence of

Appellant's guilt. His boilerplate assertions to the contrary do not merit relief.

Appellant's argument also includes assertions that the jury's verdict was contrary to the weight of the evidence.[4] Appellant's Brief at 8-9. Appellant included this issue in a timely post-sentence motion in accordance with Pa.R.Crim.P. 607.[5] Appellant's substantive argument is the same here as it is under his sufficiency of the evidence argument–the detectives did not observe the actual transaction and did not recover the buy money from Appellant. Our conclusion, likewise, remains the same under a weight of the

_____

[4] The applicable standard of review is as follows:

> A verdict is not contrary to the weight of the evidence because of a conflict in testimony or because the reviewing court on the same facts might have arrived at a different conclusion than the factfinder. Rather, a new trial is warranted only when the jury's verdict is 'so contrary to the evidence that it shocks one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. Where, as here, the judge who presided at trial ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Tharp*, 830 A.2d 519, 528 (Pa. 2003) (citations and quotation marks omitted), *cert. denied*, 541 U.S. 1045 (2004). In his brief, Appellant appears to blur the distinction between challenges to weight and sufficiency of the evidence.

[5] We disapprove of Appellant's failure to include this issue in his statement of questions involved, in violation of Pa.R.A.P. 2116(a).

evidence analysis. Given the overwhelming evidence of Appellant's guilt, the trial court did not abuse its discretion in denying Appellant's motion for a new trial. Appellant's weight of the evidence challenge fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2014