J-S53027-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARION CROSBY, | |
| Appellant | No. 267 WDA 2014 |

Appeal from the Judgment of Sentence of February 5, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0012478-2013

BEFORE: DONOHUE, OLSON AND PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED SEPTEMBER 08, 2014**

Appellant, Marion Crosby, appeals from the judgment of sentence entered on February 5, 2014. We affirm.

The trial court accurately summarized the factual background of this case as follows:

> On July 23, 2013, Pittsburgh Housing Authority Police Officer Vincent Dicenzo was dispatched for a fight at 34 Prospect Terrace, East Pittsburgh, Allegheny County, at approximately 5:00 [p.m]. When Officer Dicenzo arrived the fight had already ended, but there were still groups of persons around 34 Prospect Terrace and 28 Prospect Terrace. Officer Dicenzo spoke with the parents of the fighting juveniles, including Appellant, and warned them that if the children did not stop fighting the families could be evicted and the parents potentially charged as well. Appellant ordered her children back inside, and promised Officer Dicenzo that her children would not leave the house again that night. Officer Dicenzo remained on the scene until all parties dispersed, and resumed his patrol duties.

* Retired Senior Judge assigned to the Superior Court.

Shortly before 9:00 [p.m.], a large group from 34 Prospect Terrace began taunting and disruptive behavior outside 28 Prospect Terrace. As a result, approximately [60] children, teenagers, and adults gathered and were engaged in riotous and disruptive behavior. Appellant's daughter, [D.E.], left Appellant's home and proceeded to engage in a fight with another girl. [D.E.] wielded a blunt object in a sock as a weapon while approximately [50] people gathered in riotous conduct around the fighting girls. Appellant walked around the perimeter of the fight, screaming encouragement to her daughter as she fought. Appellant made no attempts to stop the fight or remove her daughter from the situation.

By the time police arrived the fight had broken up. Police treated the injured parties and started to interview witnesses on the scene. Appellant claimed to know nothing of the fight and that her children were not involved. Police later spoke with witnesses on the scene and viewed several videos from witnesses who captured the event.

Trial Court Opinion, 5/23/14, at 3-5 (internal citations omitted).

The procedural history of this case is as follows. Appellant was charged via criminal complaint with endangering the welfare of a child[1] and disorderly conduct.[2] A criminal information charging those same offenses was filed on October 23, 2013. Prior to trial, the Commonwealth withdrew the child endangerment charge and amended the disorderly conduct charge to a summary offense from a misdemeanor offense. At the conclusion of a bench trial on February 5, 2014, the trial court found Appellant guilty of

---

[1] 18 Pa.C.S.A. § 4304(a)(1).

[2] 18 Pa.C.S.A. § 5503(a)(1).

disorderly conduct. She was immediately sentenced to pay a fine of $100.00. This timely appeal followed.[3]

Appellant raises one issue for our consideration:

> Was Appellant's conviction of summary disorderly conduct . . . not supported by sufficient evidence . . .?

Appellant's Brief at 3 (complete capitalization removed).

Appellant contends that there was insufficient evidence to convict her of disorderly conduct. "Whether sufficient evidence exists to support the verdict is a question of law; thus, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Patterson*, 91 A.3d 55, 66 (Pa. 2014) (citation omitted). In reviewing a sufficiency of the evidence claim, we must determine "whether viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth], there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Kearney*, 92 A.3d 51, 64 (Pa.

---

[3] On February 19, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). *See* Pa.R.A.P. 1925(b). On March 14, 2014, Appellant filed her concise statement. On May 23, 2014, the trial court issued its Rule 1925(a) opinion. Appellant's lone issue on appeal was included in her concise statement.

We note, however, that the concise statement fails to comply with Rule 1925(b)(4). In particular, the concise statement is not concise. Instead, the concise statement contains over four pages of material prior to stating the single error complained of on appeal. Appellant's counsel frequently practices before this Court. We, therefore, remind him that concise statements should fully comply with Rule 1925(b)(4). Despite this technical violation, we decline to find waiver.

Super. 2014) (citation omitted). "Additionally, the evidence at trial need not preclude every possibility of innocence. . . . [T]he fact-finder is free to believe all, part[,] or none of the evidence." *Commonwealth v. Trinidad*, 90 A.3d 721, 728 (Pa. Super. 2014) (citation omitted).

As we have explained:

> Section 5503(a)(1) of the Crimes Code provides: "A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, [s]he: (1) engages in fighting or threatening, or in violent or tumultuous behavior." "Tumultuous" is not defined in Section 5503 or elsewhere in the Crimes Code. Commonly, "tumultuous" is defined as "marked by tumult"; "tending or disposed to cause or incite a tumult"; or "marked by violent or overwhelming turbulence or upheaval." Merriam Webster's Collegiate Dictionary 1272 (10th ed. 1996). "Tumult" is relevantly defined as "a disorderly agitation ... of a crowd usu[ally] with uproar and confusion of voices," or "a violent outburst." *Id.* at 1271–[12]72.

*Commonwealth v. Love*, 896 A.2d 1276, 1285 (Pa. Super. 2006), *appeal denied*, 940 A.2d 363 (Pa. 2007) (footnote omitted).

Appellant implicitly challenges the trial court's factual finding that "Appellant walked around the perimeter of the fight, screaming encouragement to her daughter as she fought." Trial Court Opinion, 5/23/14, at 4. We conclude that there is sufficient evidence to support the trial court's factual finding and, in turn, Appellant's conviction for disorderly conduct. Viewed in the light most favorable to the Commonwealth, the evidence produced at trial included a video which showed Appellant walking around the perimeter of the fight for approximately 30 seconds. N.T.,

2/5/14, at 20-21. On the video, Appellant can be heard shouting something to her daughter. *Id.* at 9, 20-21. Officer Dicenzo testified that the shouting by Appellant was "antagonizing." *Id.* at 10. The trial court watched the whole video during trial and then had the video replayed in smaller segments. It determined that the individual on the video was Appellant and that the shouting from Appellant was encouragement towards her daughter.

This inference is supported by other evidence presented at trial. Specifically, Officer Dicenzo testified that Appellant's daughter "seemed to follow [Appellant's] direction very well." *Id.* at 18. A reasonable inference from the video, combined with the fact that Appellant's daughter listens to her, is that Appellant was shouting encouragement to her daughter during the fight.

Appellant's argument that she was attempting to break up the fight involving her daughter, not encourage her daughter, is without merit. On a sufficiency of the evidence claim, we must view the evidence in the light most favorable to the Commonwealth. Viewed in this light, Appellant was not attempting to break up the fight, but rather was encouraging her daughter to fight. Accordingly, the trial court's factual findings are supported by the record.

Having determined that Appellant encouraged her daughter in the fight, we turn to whether such encouragement is disorderly conduct. As the trial court noted in its Rule 1925(a) opinion, this case is very similar to

*Commonwealth v. Fedorek*, 946 A.2d 93 (Pa. 2008). In *Fedorek*, the defendant's brother assaulted the victim after the defendant urged her brother to "'hurt him' and 'f–– him up.'" *Id.* at 95. Our Supreme Court concluded that this was sufficient to convict the defendant under section 5503(a)(1). *Id.* at 99. Our Supreme Court then went on to hold that not only did the defendant's actions constitute disorderly conduct, the actions rose to the level of misdemeanor disorderly conduct. *Id.* at 102. Appellant does not attempt to distinguish *Fedorek* in her brief before this Court, nor could she. In this case, as in *Fedorek*, Appellant encouraged an individual to engage in a violent fight. In *Fedorek*, our Supreme Court concluded that such conduct supported a conviction under section 5503(a)(1). We do so as well. Accordingly, Appellant's argument that there was insufficient evidence to support her conviction for disorderly conduct is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2014