J-S02008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DEAN LASEAN BROWN, | |
| Appellant | No. 913 EDA 2015 |

Appeal from the Judgment of Sentence March 2, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0003000-2014

BEFORE:  SHOGAN, LAZARUS, and STABILE, JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED FEBRUARY 19, 2016**

Appellant, Dean Lasean Brown, appeals from the judgment of sentence entered on March 2, 2015.  We affirm.

The trial court summarized the facts of the crime as follows:

> Joseph Galiano is the owner of Suburban Armory and has been so employed for the past nineteen years.  The store sells firearms and accessories.  Typically, when a person comes in to purchase a handgun, the individual will select the gun they wish to purchase and then Mr. Galiano has them fill out two forms: the Federal ATF 4473 and the Pennsylvania State Police Application/Record of Sale.  In addition to the forms, Mr. Galiano also takes a photo of everyone's ID.

> On February 4, 2014, at approximately 2:45 p.m., Appellant came in to Suburban Armory with the intention of purchasing a Smith and Wesson Sigma Series Pistol.  Appellant told Mr. Galiano that he wished to purchase the gun and in turn, Mr. Galiano handed Appellant the requisite forms and told Appellant what he tells all of his customers:  "I tell everyone that they have to fill it out and then they have to sign it and I tell them by signing it they're taking an oath, they're telling the truth, that it's a felony to lie on the form."  He also tells people if

they have any questions they are free to ask him; however, he does not watch the person fill out the form. It would be up to the individual to ask for assistance.

Appellant filled out both forms. On the Federal ATF 4473 question 11(b) "are you under indictment or information in any Court for a felony or any other crime for which the Judge could imprison you for more than one year," Appellant answered "no". On the Pennsylvania State Police Application/Record of Sale, question 32 states: "are you now charged with or have you ever been convicted of a crime punishable by imprisonment for a term exceeding one year? This is the maximum sentence that you could have received, not the actual sentence you did receive." Appellant answered "no." Appellant signed and dated the paperwork. Mr. Galiano called the Pennsylvania State [Fire] Arm Unit and proceeded to do a background check. As a result of the check, Appellant was denied purchase of the gun. Appellant left the store that day without incident.

Trooper Mark Gibble, a criminal investigator employed with the Pennsylvania State Police at the Troop K Media Barracks had occasion to become involved with Appellant in April of 2014. Trooper Gibble was provided with the date of sale, location of attempted purchase, Appellant's name, date of birth and a request to start an investigation into the denial of the purchase. Trooper Gibble was also aware that the reason Appellant was denied purchase was due to an open felony case. With that information, Trooper Gibble went to Suburban Armory, spoke with Mr. Galiano, and received copies of both the federal form and the state form that Appellant filled out. Trooper Gibble observed that Appellant answered "no" to 11(b) on the federal form and "no" on question 32 of the state form and signed both documents. Trooper Gibble also received the copy that Mr. Galiano made of Appellant's driver's license and confirmed Appellant's identity through JNET. Trooper Gibble attempted to contact Appellant but his efforts proved unsuccessful.

Trial Court Opinion, 4/27/15, at 2–4 (internal citations and footnote omitted).

On April 29, 2014, police charged Appellant with two counts of violating the Uniform Firearms Act by making a materially false written

statement on any form promulgated by federal or state agencies during the purchase, delivery, or transfer of a firearm, 18 Pa.C.S. § 6111(g)(4)(ii), two counts of unsworn falsification to authorities (statements "under penalty"), 18 Pa.C.S. § 4904(b), and two counts of tampering with public records or information, 18 Pa.C.S. § 4911(a)(1). Appellant proceeded to a bench trial on October 24, 2014; Mr. Galiano, Trooper Gibble, and Delaware County Detective Matthew Cresta testified on behalf of the Commonwealth, and Appellant testified on his own behalf.

At trial, the Commonwealth indicated it was proceeding only on one count each of materially false written statement and statement under penalty. N.T., 10/24/14, at 9. The trial court found Appellant guilty of both charges and ordered a presentence investigation and psychological evaluation. *Id*. at 74.

On March 2, 2015, the trial court sentenced Appellant to eleven and one-half to twenty-three months of incarceration for the firearms conviction and a consecutive term of one year of probation for unsworn falsification. Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following two issues on appeal:

> Whether the Trial Court abused its discretion when it precluded J.R. Brockman, caseworker employed by Northwestern Human Services, from testifying as to Appellant's ability to comprehend and understand questions posed to him and how Appellant's ability to understand things was affected by his intellectual disabilities.

Whether the evidence was insufficient to establish beyond a reasonable doubt all the elements of Materially False Written Statement and Statement Under Penalty where the testimony presented at trial failed to support a showing that Appellant "knowingly and intentionally" made false statements on the Pennsylvania State Police Application/Record of Sale form (specifically question #32) and/or made statements Appellant did not believe to be true.

Appellant's Brief at 10.

The first issue involves the admission of evidence. In particular, when Appellant attempted to call J.R. Brockman, Appellant's Northwestern Human Services caseworker from an unrelated, ongoing case involving Appellant's children, the Commonwealth requested an offer of proof. Based on that offer, the trial court precluded the witness's testimony. N.T., 4/24/15, at 48.

The admission of evidence is governed by the following standards:

"The admission of evidence is solely within the discretion of the trial court, and a trial court's evidentiary rulings will be reversed on appeal only upon an abuse of that discretion." **Commonwealth v. Reid**, ___ Pa.___, 99 A.3d 470, 493 (2014). An abuse of discretion will not be found based on a mere error of judgment, but rather occurs where the court has reached a conclusion that overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. **Commonwealth v. Davido**, ___ Pa. ___, 106 A.3d 611, 645 (2014).

**Commonwealth v. Woodard**, ___ A.3d ___, ___, 2015 WL 7767271 at *10 (Pa. December 3, 2015). "[A]n erroneous ruling by a trial court on an evidentiary issue does not necessitate relief where the error was harmless

beyond a reasonable doubt." ***Commonwealth v. Travaglia***, 28 A.3d 868, 874 (Pa. 2011).

Appellant's remaining challenge is to the sufficiency of the evidence supporting his convictions. Specifically, Appellant asserts, "even by way of [his] own testimony," Appellant's Brief at 28, his acts were not knowing and intentional when he denied ever having been charged with a crime punishable by imprisonment for a term exceeding one year, even though at the time he attempted to buy the firearm, he was charged with felony insurance fraud and was awaiting trial. Commonwealth's Brief at 12; N.T., 10/24/14, at 33, 39. Appellant denied understanding Question 32 on the Pennsylvania State Police Application/Record of Sale form, which stated as follows:

> Are you now charged with or have you ever been convicted of a crime punishable by imprisonment for a term exceeding one year? This is the maximum sentence that you could have received, not the actual sentence you did receive. . . .

Pennsylvania State Police Application/Record of Sale, Exh C-1; N.T., 10/24/14, at 15. Thus, he contends the Commonwealth failed to prove that the false statement was done knowingly and intentionally. Appellant's Brief at 23.

In reviewing a sufficiency challenge, "we must decide whether the evidence admitted at trial, and all reasonable inferences drawn therefrom in favor of the Commonwealth, as verdict winner," are sufficient to support all elements of the offense. ***Commonwealth v. Hitcho***, 123 A.3d 731, 746

(Pa. 2015). The trial court, sitting as the finder of fact, is free to believe some, all, or none of the evidence. *Commonwealth v. Cousar*, 928 A.2d 1025 (Pa. 2007); *Commonwealth v. Tejada*, 107 A.3d 788, 792–793 (Pa. Super. 2015). Moreover, the Commonwealth may sustain its burden of proof by wholly circumstantial evidence. *Commonwealth v. Diggs*, 949 A.2d 873 (Pa. 2008); *Commonwealth v. Vogelsong*, 90 A.3d 717 (Pa. Super. 2014), *appeal denied*, 102 A.3d 985 (Pa. 2014). As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. *Commonwealth v. Rogal*, 120 A.3d 994 (Pa. Super. 2015).

Upon review of the parties' briefs, the certified record, and our standard of review, we conclude that the trial court properly disposed of Appellant's issues in its Pa.R.A.P. 1925(a) opinion. Therein, the trial court determined, *inter alia*, that precluding the testimony of Appellant's Human Services caseworker was not an abuse of its discretion and that the evidence of record was sufficient to sustain Appellant's convictions. Trial Court Opinion, 4/27/15, at 7–10. Moreover, the trial court specifically found that "Appellant's self-serving testimony was not credible." *Id*. at 9. Therefore, we affirm the judgment of sentence on the basis of the trial court's April 27, 2015 Pa.R.A.P. 1925(a) opinion. In the event of future proceedings, the parties are directed to attach a copy of the trial court's opinion to this memorandum.

- 7 -

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/19/2016