J. S22032/16 & J.S22033/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA BRIAN FETTEROLF, | : | |
| | : | |
| Appellant | : | No. 1016 MDA 2015 |

Appeal from the Order Entered May 13, 2015
In the Court of Common Pleas of Union County
Civil Division No(s): CP-60-MD-0000109-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA BRIAN FETTEROLF, | : | |
| | : | |
| Appellant | : | No. 1017 MDA 2015 |

Appeal from the Judgment of Sentence May 13, 2015
In the Court of Common Pleas of Union County
Criminal Division No(s): CP-60-MD-0000340-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA BRIAN FETTEROLF, | : | |
| | : | |
| Appellant | : | No. 1645 MDA 2015 |

Appeal from the Order Entered July 21, 2015
In the Court of Common Pleas of Union County
Civil Division No(s): CP-60-MD-0000145-2015

J.S22032/16 & J.S22033/16

BEFORE: MUNDY, J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED MAY 19, 2016**

Appellant, Joshua Brian Fetterolf, appeals from the Judgments of Sentence entered at CP-60-MD-0000109-2015 and at CP-60-MD-0000340-2014 (collectively "No. 1016 MDA 2015"), which the trial court consolidated,[1] and at CP-60-MD-0000145-2015 ("No. 1645 MDA 2015"). Following a hearing on May 8, 2015, the trial court found Appellant guilty of one count of Contempt for Violation of Order or Agreement[2] ("indirect criminal contempt" or "ICC") at 109-2105 and four counts of ICC at 340-2014. After a hearing, on July 21, 2015, the trial court found Appellant guilty of two counts of ICC at 145-2015. We affirm in part and reverse in part.[3]

## **Factual and Procedural History**

On October 9, 2014, the trial court entered an Order pursuant to the Protection from Abuse ("PFA") Act[4] in favor of Delann Fetterolf, Appellant's wife ("Wife"). The Order prohibited Appellant from having "any contact with [Wife], either directly or indirectly . . . ." PFA Order, 10/9/14, at paragraph

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant filed two Notices of Appeal from these judgments of sentence. This Court consolidated Appellant's appeals on July 8, 2015.

[2] 23 Pa.C.S. § 6114(a).

[3] We have consolidated Appellant's appeals at No. 1016 MDA 2015 and 1645 MDA 2015 *sua sponte* for purposes of resolution.

[4] 23 Pa.C.S § 6101, *et seq.*

- 2 -

3. It also directed that, "[Appellant] shall not contact [Wife] . . . by telephone or by any other means, including through third persons." *Id.* at paragraph 4.

On November 21, 2014, the Commonwealth filed an ICC Complaint against Appellant at CP-60-MD-0000340-2014 alleging 18 counts of violating the October 9, 2014 PFA Order. Trial Ct. Op., 9/24/15, at 1.

On April 27, 2015, the Commonwealth filed a second ICC Complaint against Appellant at CP-60-MD-0000109-2015 alleging two additional violations of the same PFA Order. *Id.*

On May 8, 2015, the trial court held a hearing on the 20 charges. *Id.* At the hearing, the Commonwealth introduced evidence of two letters that Appellant sent: one to Wife, and one to Wife's friend, Michelle Cunningham. *Id.* at 2.

The Commonwealth also introduced evidence of telephone calls from Appellant to Wife from the Northumberland County Prison. *Id.* While many of the calls were upwards of seven minutes in duration, one call on November 3, 2014, at 9:31 AM, lasted just over one minute. N.T., 5/8/15, at 19-20, 22-23. Wife testified that she did not answer that call, but that on other occasions, she did speak with Appellant. *Id.* at 6, 14, 19-23. Although Wife conceded that there was no way to know who made the call she did not answer, she testified that her telephone's caller identification indicated it had come from the Northumberland County Prison, and that the

call must have come from either Appellant or someone calling on his behalf. *Id.* at 20.

Brian Wheary, the Operations Commander and Deputy Warden of the Northumberland County Prison, testified that Deputy Jeffery Tice of the Union County Sheriff's Office contacted him to obtain records of telephone calls made to Wife's cell phone number. *Id.* at 38. The records indicated that some of the calls made to Wife were associated with the pin number of an inmate named Daniel Morris, including the call made on November 3, 2014, at 9:31 AM. *Id.* at 40-41, 45-46. Deputy Warden Wheary further testified that it is common for an inmate to use the pin number of another inmate to make phone calls. *Id.* at 46.

Deputy Tice testified that he listened to recordings of the phone calls placed from the Northumberland County Prison to Wife. *Id.* at 51. He stated that he was familiar with Appellant's voice and recognized it on the recorded calls. *Id.* at 52-53. He testified that in one of the calls, Appellant referenced Daniel Morris and said that he was "using someone else's pin so they wouldn't know that he was contacting [Wife,]" and that "he was using a Daniel Morris's pin number so they wouldn't be able to track that he was actually contacting her." *Id.* at 53. Tice also read from a transcribed call wherein the caller stated: "I'm not Josh, I'm Josh's friend. He told me to call you." Tice agreed that this suggested that a friend of Appellant had called Wife at Appellant's request. *Id.* at 56.

Following the hearing, the trial court found Appellant guilty of ICC on four counts of the Complaint at CP-60-MD-0000340-2014 (Paragraphs 3G through 3J) and not guilty on the remaining 14 counts (Paragraphs A through F and K through R). Trial Ct. Op., at 2. On May 13, 2015, the court sentenced Appellant to an aggregate term of 12 to 48 months' incarceration. *Id.*

With respect to the Complaint at CP-60-MD-0000109-2015, the trial court found Appellant guilty on one count (Paragraph 3B) and not guilty on one count (Paragraph 3A). *Id.* On May 13, 2015, the court sentenced Appellant to a term of 3 to 6 months' incarceration, to be served consecutively with the term imposed at 340-2014. *Id.*

Appellant timely filed a Notice of Appeal from each of the court's judgments of sentence. The trial court and Appellant complied with Pa.R.A.P. 1925.

Meanwhile, during the pendency of Appellant's appeals, on July 7, 2015, the Commonwealth filed another ICC Complaint against Appellant at CP-60-MD-0000145-2015 alleging two additional violations of the same PFA Order. The trial court held a hearing on the Complaint on July 20, 2015. Corrections Officer Pamela Klinger testified that on May 15, 2015, Appellant asked her if she would give Wife a message from him. N.T., 7/20/15, at 6. She reported that she told Appellant, "no, that [she] couldn't, wasn't able to

do that." *Id.* She also testified that since that time he "would ask occasionally in passing if [she] had seen her, heard from her." *Id.* at 7.

Wife also testified at this hearing. She testified that she received a letter from Appellant dated April 22, 2015, in which Appellant wrote, among other things, that he had seen Corrections Officer Klinger. *Id.* at 13.

Following the hearing, the trial court found Appellant guilty of both counts of ICC. Trial Ct. Order, 7/21/15. The court sentenced Appellant to two consecutive terms of 3 to 6 months' incarceration, to be served consecutively with the terms imposed at 109-2015 and 340-2014.[5] Sentencing Order, 7/21/15. Appellant timely appealed from this order.

## Issues Presented on Appeal

In the appeal at No. 1016 MDA 2015, Appellant presents the following issues for review:

> 1. Did error occur when [Appellant] was convicted on offense 3[G] of CP-60-MD-0000340-2014 as there was no contact between [Appellant] and the alleged victim?
>
> 2. Did error occur when Appellant was sentenced without being provided the opportunity to speak on his own behalf?

Appellant's Brief at 7.

In the appeal at No. 1645 MDA 2015, Appellant raises the following issue for review:

---

[5] The trial court also ordered these sentences to run consecutively with a sentence at CP-60-CR-0000045-1999 entered after Appellant's guilty plea in 1999 to one count of Unlawful Restraint, 18 Pa.C.S. § 2902(1), at two separate cases.

Did the trial court err in convicting Appellant for a count of Indirect Criminal Contempt, specifically offense 3[B] where there was no contact between [Appellant] and the alleged victim?

Appellant's Brief at 5.

## **Legal Analysis**

### No. 1016 MDA 2015

Appellant first avers that the Commonwealth's evidence was insufficient to sustain his conviction for ICC at Paragraph 3G of the Complaint filed at CP-60-MD-0000340-2014. He argues that the Commonwealth failed to prove that it was, in fact, Appellant, and not another inmate, who contacted wife by telephone on November 3, 2014 from the Northumberland County Prison. Appellant's Brief at 10. This issue lacks merit.

In reviewing the sufficiency of the evidence, our standard of review is as follows:

> The standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom is sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. The Commonwealth may sustain its burden of proving every element beyond a reasonable doubt by means of wholly circumstantial evidence.
>
> The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. As an appellate court, we do not assess credibility nor do we assign weight to any of

the testimony of record. Therefore, we will not disturb the verdict unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.

*Commonwealth v. Vogelsong*, 90 A.3d 717, 719 (Pa. Super. 2014) (citations and quotations omitted).

Although the trial court acknowledged that it was not entirely clear whether it was Appellant or another inmate at Northumberland County Prison who contacted Wife on November 3, 2014, the court concluded that fact was irrelevant. Trial Ct. Op. at 3. The PFA Order precludes Appellant from having either direct or indirect contact through a third party with Wife. PFA Order, 10/9/14, at paragraph 3-4.

"[I]t is for the fact-finder to make credibility determinations, and the finder of fact may believe all, part, or none of a witness's testimony." *Commonwealth v. Thompson*, 934 A.2d 1281, 1285 (Pa. Super. 2007). Here, the trial court found credible Wife's testimony that her phone received a call from the Northumberland County Prison on November 3, 2014. Trial Ct. Op. at 3.

Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we are compelled to agree with the trial court. The record is clear that Wife received a phone call from Northumberland County Prison on November 3, 2014. It is also clear that either Appellant placed the call using Daniel Morris's pin number, or Daniel Morris himself placed the call at the behest of Appellant. In either case, Appellant was in violation of the

October 9, 2014 PFA Order by either directly or indirectly contacting Wife on November 3, 2014.

In his second issue, Appellant argues the trial court erred in not providing him the opportunity to allocute prior to sentencing. Appellant's Brief at 11. Appellant claims that if he had been able to participate, he would have testified to Wife's part of the conversation that gave rise to the violation alleged at Paragraph 3G of the Complaint. Appellant's Brief at 12.

Our review of the trial court record and hearing transcript indicates that Appellant did not preserve this issue by way of a timely objection at the hearing or in a post-sentence motion. Rather, Appellant has improperly raised this issue for the first time on appeal in his Rule 1925(b) statement. Therefore, this issue is waived. *See* Pa.R.A.P. 302(a).

Based on the foregoing we affirm the judgment of sentence at CP-60-MD-0000340-2014.

### No. 1645 MDA 2015

At No. 1645 MDA 2015, Appellant claims the Commonwealth's evidence was insufficient to sustain the conviction at offense 3B, where the Commonwealth's witness, Northumberland County Prison Corrections Officer Pamela Klinger, testified that she refused Appellant's request to contact Wife. Appellant's brief at 8; N.T., 7/20/15, at 6-7. Appellant argues that the Commonwealth failed to prove that he directly or indirectly contacted Wife and that the trial court conceded as much when it concluded that there

was merely an "attempt to violate the Court Order." Appellant's brief at 9; N.T., 7/20/15, at 20. We agree.

Relevant to this issue on appeal, the Commonwealth charged Appellant with violating the PFA when he "**attempted** to make contact with [Wife] through Corrections Officer Pamela Klinger who is employed by SCI Coal Township where [Appellant] is currently being held." Complaint, 7/7/15, at 3B (emphasis added).

In order to sustain a conviction for ICC, the Commonwealth must prove: "1) the order was sufficiently definite, clear and specific to the contemnor as to leave no doubt of the conduct prohibited; 2) the contemnor had notice of the order; 3) the act constituting the violation must have been volitional; and 4) the contemnor must have acted with wrongful intent." *Commonwealth v. Walsh*, 36 A.3d 613, 619 (Pa. Super. 2012).

For purposes of our disposition, we need to look no further than the first prong of the test set forth in *Walsh*, *supra*. The language of the controlling PFA Order is very specific as to the acts in which Appellant is prohibited from engaging. The Order clearly forbids Appellant from directly or indirectly **contacting** Wife, on his own or through a third party. PFA Order at paragraph 3-4 (emphasis added). The order does not preclude Appellant from asking a third person to contact Wife. Corrections Officer Klinger testified unequivocally that she did not contact Wife despite Appellant's request that she do so. *See* N.T., 7/20/15, at 6. The

Commonwealth's evidence established only that Appellant unsuccessfully attempted to contact Wife, not that contact was actually made by Appellant or a third person. That evidence is insufficient to sustain Appellant's conviction of having made direct or indirect contact with Wife in violation of the PFA Order. *See Vogelsong*, 90 A.3d at 719. Accordingly, we vacate the judgment of sentence entered on July 21, 2015. Because we vacate of one of the two convictions, the sentencing structure is impacted. Accordingly, we remand for resentencing.

Judgment of sentence affirmed in part and vacated in part. No. 1645 MDA 2015 (CP-60-MD-0000145-2015) remanded for resentencing. Jurisdiction relinquished.

Judge Mundy joins the memorandum.

Judge Strassburger files a concurring memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/19/2016

- 11 -