J-S26034-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANCISCO JUNIOR SANTOS | : | |
| | : | |
| Appellant | : | No. 1776 WDA 2019 |

Appeal from the Judgment of Sentence Entered November 8, 2019
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0000214-2019

BEFORE:  MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    FILED JUNE 23, 2020

Francisco Junior Santos (Santos) appeals from the judgment of sentence entered by the Court of Common Pleas of Fayette County (trial court) following his jury trial convictions of aggravated assault, simple assault, criminal mischief, disorderly conduct and harassment.[1]  On appeal, Santos challenges the sufficiency of evidence for his aggravated assault and simple assault convictions.  We affirm.

On September 14, 2018, Santos was an inmate at SCI-Fayette and had to use a wheelchair because of hip dysplasia.  After breakfast that morning, Santos realized he was missing his prison ID card.  When Santos returned to

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2702(a)(3), 2701(a)(1), 3304(a)(5), 5503(a)(1) and 2709(a)(1), respectively.

the dining hall to find it, a corrections officer asked him what he was doing. Santos replied that he could not find his ID card. After looking for it for a few minutes, the corrections officer had Santos leave the dining hall so they could get him a temporary ID card. As the two left the dining hall, the corrections officer motioned for a sergeant and began to explain the situation. Santos then stood up from his wheelchair and punched the corrections officer in the face. Upon seeing this, the sergeant immediately attempted to restrain Santos. While the two struggled on the ground, Santos slid underneath the sergeant and bit his torso. Santos was eventually restrained and transported out of the prison later that day.

Santos proceeded to a jury trial in October 2019 and testified in his own defense. Santos admitted punching the corrections officer but claimed that he only did so after the officer kicked his wheelchair. Santos also admitted to biting the sergeant while he was being restrained but said he did it because he was being suffocated by the multiple guards on top of him. The jury found Santos guilty of aggravated assault of the corrections officer, simple assault (two counts), criminal mischief, disorderly conduct and harassment (two counts).[2] The trial court sentenced Santos to three to six years' imprisonment for aggravated assault and a concurrent one to two years for the simple

_____

[2] The jury acquitted Santos of two counts of assault by prisoner, 18 Pa.C.S. § 2703, and one count each of aggravated assault and disorderly conduct.

assault of the sergeant; no further penalty was imposed on the remaining convictions. After sentencing, Santos filed this appeal to argue that the Commonwealth failed to present sufficient evidence that he intended to commit both aggravated and simple assault.[3]

We first address the sufficiency of the evidence for aggravated assault. Under Section 2702 of the Crimes Code, a person commits aggravated assault if he "attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty." 18 Pa.C.S. § 2702(a)(3). An

_____

[3] In reviewing the sufficiency of the evidence, our standard of review is as follows:

> The standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom is sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. The Commonwealth may sustain its burden of proving every element beyond a reasonable doubt by means of wholly circumstantial evidence.

> The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record. Therefore, we will not disturb the verdict unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.

Commonwealth v. Vogelsong, 90 A.3d 717, 719 (Pa. Super. 2014) (citations and quotation marks omitted).

officer or employee of a correctional institution is included under subsection (c) of the statute. 18 Pa.C.S § 2709(c)(9). Additionally, bodily injury is defined as the "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S. § 2301.

Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, there was clearly sufficient evidence to convict Santos of aggravated assault of a corrections officer. At trial, the officer testified that Santos got out of his wheelchair and punched him with a closed fist in the face. N.T., 10/9/19, at 21. Two other witnesses, including the sergeant, testified to seeing Santos punch the corrections officer. Id. at 38, 52. Moreover, the punch resulted in bodily injury, as the corrections officer suffered a cut lip and concussion as a result of the assault, and continued to suffer from headaches at the time of trial. Id. at 23, 27. Taken together, this evidence established the elements of aggravated assault of a corrections officer.

Though admitting that he punched the corrections officer, Santos contends that he did not act intentionally or knowingly when he lashed out at the officers and only did so as a reaction to the stress of the situation and the pain he experienced in his hip caused by the corrections officer kicking his wheelchair and that he also suffers from severe mental impairments, including bipolar disorder, schizophrenia and depression. However, "why" he punched the corrections officer is irrelevant to whether he committed the offense of

aggravated assault on a corrections officer because the crime of aggravated assault on a corrections officer requires that he intended or did cause bodily injury to the corrections officer. Because there is no dispute that he punched the corrections officer who suffered the aforementioned bodily injuries, there was more than sufficient evidence for the jury to convict Santos of aggravated assault of a corrections officer.

We likewise find that there was sufficient evidence to convict for simple assault, which a person commits when he "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." 18 Pa.C.S. § 2701(a)(1). The sergeant testified that he was on top of Santos as he was attempting to put handcuffs on him. N.T., 10/9/19, at 40. Santos then slid underneath the sergeant and bit him on the torso, causing minor scrapes and bite marks. Id. at 41-42. The sergeant subsequently received medical treatment, including a tetanus shot. Id. at 43. Again, the jury was free to believe the sergeant's version of events and find that Santos intended to cause bodily injury to the sergeant while he was attempting to restrain him. Having reviewed the evidence, we find there was sufficient evidence to convict Santos of simple assault for biting the sergeant.

Judgment of sentence affirmed.

Judge Murray joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  6/23/2020