J-A01017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| JAMES W. WORTHINGTON | |
| Appellant | No. 685 EDA 2015 |

Appeal from the Judgment of Sentence March 2, 2015
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0004535-2014

BEFORE: LAZARUS, J., OTT, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OTT, J.:                         **FILED MARCH 11, 2016**

James W. Worthington appeals from the judgment of sentence imposed on March 2, 2015, in the Court of Common Pleas of Bucks County following a bench trial before the Honorable Albert J. Cepparulo, Jr. Worthington was found guilty of aggravated assault and recklessly endangering another person[1] and received an aggregate sentence of 36 to 72 months' incarceration followed by 7 years of probation. In this timely appeal, Worthington claims the verdict was against both the weight and sufficiency of the evidence in that the Commonwealth failed to prove the *mens rea* to commit aggravated assault, and that his sentence was

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2702(a)(1) and 2705, respectively.

improperly based upon the ill-will and prejudice of the trial court.  After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

The trial court has provided an exhaustive, 12-page recitation of the facts underlying this matter.  **See** Trial Court Opinion, 6/4/2015, at 1-12. We rely upon those facts in rendering our decision.  For ease of reference, we summarize the facts, thusly:

On St. Patrick's Day, March 17, 2014 and into the early morning hours of March 18, 2014, the victim, Anthony McGeehan, and Worthington were drinking at the Green Parrot, a bar in Newtown Township, Bucks County, Pennsylvania.  Although the two men had mutual acquaintances, who were also at the bar, they were unknown to each other and were not drinking together; they simply happened to be at the same bar at the same time.

As McGeehan and his party left the bar for the night, one of the women who was in the McGeehan party was outside the bar talking with Worthington.  McGeehan went over to the pair and, for reasons unexplained, a shouting match ensued between McGeehan and Worthington.  Worthington then tackled McGeehan in the parking lot, between two cars.  Worthington, a professional physical trainer who was taller, heavier than McGeehan, as well as being a trained fighter, bit McGeehan on the throat and then on the right ear.  While biting the ear, he pulled with his teeth, tearing the outer aspect of McGeehan's ear from his head.  Bystanders then pulled Worthington off

McGeehan. McGeehan attempted to get to Worthington, but Worthington ran away, spitting the ear into the parking lot, some distance from the scene of the fight.

Our standard of review for challenges to the sufficiency and weight of the evidence are well settled:

> Our standard of review for a challenge to the sufficiency of the evidence is de novo, but our scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner. *Commonwealth v. Rushing*, 627 Pa. 59, 99 A.3d 416, 420-21 (2014). Evidence is sufficient if it can support every element of the crime charged beyond a reasonable doubt. *Commonwealth v. Forrey*, 108 A.3d 895, 897 (Pa. Super. 2015); *Commonwealth v. Vogelsong*, 90 A.3d 717, 719 (Pa. Super. 2014). The trier of fact, while passing upon the credibility of witnesses and the weight of the proof, is free to believe all, part, or none of the evidence. *Commonwealth v. Watkins*, 577 Pa. 194, 843 A.2d 1203, 1211 (2003).

*Commonwealth v. Robinson*, 128 A.3d 261, 264 (Pa. Super. 2015).

Additionally, we note,

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. *Commonwealth v. Widmer*, 560 Pa. 308, 319, 744 A.2d 745, 751-52 (2000); *Commonwealth v. Brown*, 538 Pa. 410, 435, 648 A.2d 1177, 1189 (1994). A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. *Widmer*, 560 Pa. at 319-320, 74 A.2d at 752. Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.' " *Id*. at 320, 744 A.2d at 752 (citation omitted). It has often been stated that

"a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." **Brown**, 538 Pa. at 435, 648 A.2d at 1189.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> Appellate review of a weight claim *is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.* **Brown**, 648 A.2d at 1189. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. **Commonwealth v. Farquharson**, 467 Pa. 50, 354 A.2d 545 (Pa. 1976). One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

**Widmer**, 560 Pa. at 321-22, 744 A.2d at 753 (emphasis added).

**Commonwealth v. Clay**, 64 A.3d 1049, 1054-55 (Pa. 2013).

With these standards in mind, we examine Worthington's claims that the Commonwealth failed to demonstrate he possessed the *mens rea* to have committed aggravated assault. Because his claims regarding the weight and sufficiency of the evidence are linked, we will address the claims together.

In relevant part, the statutory definition of aggravated assault is as follows:

- 4 -

> **(a) Offense defined.--**A person is guilty of aggravated assault if he:
>
> > (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;

18 Pa.C.S. § 2702(a)(1).

> Serious bodily injury is statutorily defined as:
>
> Bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of any bodily member or organ.

18 Pa.C.S. § 2602.[2]  Additionally,

> When a victim actually sustains serious bodily injury, the Commonwealth can, but does not necessarily have to, establish specific intent to cause such harm.

***Commonwealth v. Burton***, 2 A.3d 598, 602 (Pa. Super. 2010).[3]

> The intent to cause serious bodily injury-the only element of aggravated assault at issue here-may be proven by direct or circumstantial evidence.  Where one does not verbalize the reasons for his actions, we are forced to look to the act itself to glean the intentions of the actor. Where the intention of the actor is obvious from the act itself, the finder of fact is justified in assigning the intention that is suggested by the conduct.

---

[2] Here, there is no challenge to the fact that McGeehan suffered serious bodily injury when approximately one-half of his right ear was torn from his head.  ***See*** Appellant's Brief at 4.

[3] The Commonwealth may also prove the defendant acted recklessly under circumstances manifesting extreme indifference to human life.  The Commonwealth has not argued this standard.

***Commonwealth v. Hall***, 830 A.2d 537 (Pa. 2003).

Although Worthington presently claims, and testified at trial, that his action in biting McGeehan was taken in self-defense and was additionally the product of the heat of battle, the trial court rejected those claims, finding Worthington's version of the events at issue incredible. ***See*** Trial Court Opinion, 6/4/2015 at 19. Rather, the trial court credited the Commonwealth's version of the events, with Worthington knowingly engaging in a fight with McGeehan, escalating the situation by tackling McGeehan to the ground and straddling him, and then biting him first on the neck and then on the ear. While biting his ear, the evidence demonstrated he not only bit down, but he tore at the ear, removing a large portion of it. The trial court also found that Worthington's flight from the scene and admission to at least two other people he had bitten someone's ear off in a fight, as evidence of intent. We further note that the evidence demonstrated Worthington was larger than McGeehan, was formally trained in various forms of combat, and had to be forcibly pulled from McGeehan to stop the attack.[4]

_____

[4] To counter these observations, Worthington argues in his brief the effects of alcohol on McGeehan: "As part of the failure to factor in alcohol the court below fails to perceive that alcohol is in many way a great leveler, sapping the skill of the able and emboldening someone such as McGeehan who professed not to be a fighter. Who among us has not experienced the alcohol fueled rage and uncommon strength it gives to someone who is
*(Footnote Continued Next Page)*

In light of our standard of review, we find no error in the trial court inferring the requisite *mens rea* to Worthington based upon this circumstantial evidence.

In much the same vein, we find no abuse of discretion in the trial court's refusal to grant Worthington relief on his challenge to the weight of the evidence. The trial court found inconsistencies in the testimony of the witnesses presented by both defense and the Commonwealth, but determined the specific facts used to find intent were amply supported from multiple witnesses. **See** Trial Court Opinion at 19-20; **Commonwealth v. Robinson**, 128 A.3d at 264. Accordingly, the verdict did not shock the trial court's sense of justice. **See Commonwealth v. Clay**, 64 A.3d at 1054-55.

Finally, Worthington claims he is entitled to resentencing because the trial court demonstrated prejudice against him. Specifically, he contends the trial court showed class prejudice by implying Worthington was a child of wealth, and further demonstrated prejudice by questioning Worthington's mother about prior biting incidents even though none of the alleged incidents resulted in arrest or prosecution.

The Commonwealth claims this is a challenge to the discretionary aspect of Worthington's sentence and Worthington failed to include the

*(Footnote Continued)* ————————

under the influence." Appellant's Brief at 32-33. We need not comment on this argument.

mandatory Pa.R.A.P. 2119(f) statement, thereby waiving the claim. Worthington, on the other hand, claims his challenge is one of fundamental fairness and due process and is not a challenge to the discretionary aspect of his sentence, therefore no Rule 2119(f) statement was required. Neither the Commonwealth nor Worthington have provided case law directly on point. We believe the claim is the functional equivalent of a claim of vindictive sentencing.

> [A] claim of vindictiveness is a waivable challenge to the discretionary aspects of the sentence. Appellant failed to include this claim within his Rule 2119(f) statement. The Commonwealth has objected. Thus, we hold that this issue is waived. **Tuladziecki; Goggins; Roser**.[5]

**Commonwealth v. Robinson**, 931 A.2d 15, 22 (Pa. Super. 2007) (*en banc*).

Accordingly, we agree with the Commonwealth that the claim is waived. However, in an abundance of caution, we will also address the substance of the claim to resolve the issue in the alternative.

Our review of the certified record leads us to conclude this allegation is frivolous, at best. In its Pa.R.A.P. 1925(a) opinion, the trial judge explains that rather than demonstrating prejudice or ill will, he was properly

---

[5] **Commonwealth v. Tuladziecki**, 522 A.2d 17 (Pa. 1987); **Commonwealth v. Goggins**, 748 A.2d 721 (Pa. Super. 2000) (*en banc*); and **Commonweqlth v. Roser**, 914 A.2d 447 (Pa. Super. 2006).

considering Worthington's entire background and circumstances. We quote the Honorable Albert J. Cepparulo, Jr.:

> In this case, [Worthington] claims that this court committed error and evidenced bias by doing what is required of us by law – considering [Worthington's] background, which undoubtedly includes his financial situation, familial support and previous potential to receive treatment and become a successful member of this society before such a violent criminal incident were to occur. In fact, [Worthington's] pre-sentence investigation report is replete with instances in which [Worthington] reacted to previous situations with anger, violence and force. It was revealed that on at least three (3) prior occasions [Worthington] bit another individual, breaking the skin and causing bleeding. Although the majority of these occurrences did not result in formal charges, we did take into consideration [Worthington's] background of fighting and violent behavior. However, it is significant to note that this factor was just one among many which we carefully considered in imposing [Worthington's] sentence.
>
> * * *
>
> Based on the foregoing, [Worthington's] claims are without merit, as [Worthington's] familial support and financial situation was just one factor among many considered by this court and, parenthetically, we brought up [Worthington's] resources only to show that it was part of a pattern begun as a juvenile that when [Worthington] did something unlawful his family backed him with whatever was needed to avoid the long arm of the law and we believed that this, in part, contributed to [Worthington's] increasing level of violence – he thought he could do so with impunity. We did not base our sentence on any bias or solely on the charge for which [Worthington] was convicted and, on the contrary, we carefully considered all proper sentencing factors in imposing sentence in this complex case.

Trail Court Opinion, 6/5/2015 at 23-24.

We have carefully reviewed the notes of testimony from the sentencing hearing of December 30, 2014 and the reconsideration hearing of March 2, 2015. The original hearing of December 30, 2014 covers 139 pages of testimony and is one of the most complete sentencing hearings we have reviewed. That hearing included multiple witnesses speaking on Worthington's behalf. Our review of the entire sentencing procedure leads to the conclusion that the trial court conducted a fair, unbiased, non-prejudiced hearing, and issued Worthington's sentence based upon a thorough and proper consideration of the facts and circumstances particular to Worthington's case. Accordingly, Worthington is not entitled to relief on this issue.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2016