J-S75027-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRANCE EDWIN PRATT | : | |
| | : | |
| Appellant | : | No. 644 WDA 2017 |

Appeal from the Judgment of Sentence April 18, 2017
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000937-2016

BEFORE: SHOGAN, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    FILED FEBRUARY 14, 2018

Terrance Edwin Pratt appeals from the judgment of sentence imposed on April 18, 2017, in the Court of Common Pleas of Fayette County, following his conviction on charges of possession with intent to deliver a controlled substance and possession of a controlled substance by a person not registered.[1]  Pratt was sentenced to a term of one to three years' incarceration.  In this timely appeal, Pratt argues the trial court erred in failing to grant his omnibus pretrial motion to suppress the physical evidence and in

_____

[1] 35 P.S. § 780-113(a)(30) and (a)(16), respectively.  The controlled substances were pills of alprazolam and diazepam.  Alprazolam and diazepam are commonly known by their trade names, Xanax and Valium.  Specifically, the police confiscated one round blue tablet marked Mylan A1, 32 round orange tablets marked R029, and one round yellow tablet marked TEVA 3926. The first two types of pill are alprazolam, the last pill is diazepam.  See N.T. Trial, 4/3/2017 at 71-72.

denying his motion for judgment of acquittal.[2] After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

The underlying facts of this matter may be summarized as follows: After Pennsylvania State Trooper Jeffrey Tihey witnessed two controlled purchases of crack cocaine, a search warrant was obtained for the site of those transactions, the residence and property at 12 Collins Avenue, Uniontown, Pennsylvania. The items to be searched for were "controlled substances," "in particular heroin[3] and related contraband," as well as "any and all items used in the manufacture, sale or consumption of controlled substances, and fruits of the crime, any other item criminally possessed and any person located within."[4]

Pratt was outside the house when the police arrived to execute the warrant. Upon seeing the police, he went inside. The police entered the home and secured the premises. Upon going upstairs to the third floor, the police saw pills on the steps. Some of the pills were loose and on the steps, others in a pill bottle. These pills were seized and were later determined to be alprazolam and diazepam, both controlled substances. A gun, $665.00 in cash

_____

[2] Specifically, Pratt claims there was insufficient evidence to prove he constructively possessed the contraband.

[3] Trooper Tihey testified "heroin" was listed in error. Cocaine was the specific drug in question, having been purchased twice at that location. This error is not at issue in this appeal. At the suppression hearing, Trooper Tihey also misidentified the single diazepam/Valium tablet as being Klonopin.

[4] See Application for Search Warrant, 4/19/2016, at 1.

tucked under a mattress, a cell phone, and various documents with Pratt's name on them, including a driver's license, were located on the third floor.

At the suppression hearing, Trooper Tihey testified that in addition to the controlled buys that were mentioned in the search warrant, a confidential informant had also purchased three alprazolam pills from Pratt. Trooper Tihey testified that Pratt was not charged regarding the sales of the pills because that information might have helped identify the confidential informant. N.T. Suppression Hearing, 9/22/2016, at 17.

Based upon the foregoing, Pratt now raises two challenges to the search warrant and a claim the Commonwealth failed to prove he possessed the controlled substances. We will begin with the challenges to the search warrant.

Pratt's first argument is that the search warrant is invalid because it is missing a signature of the issuing judge, the Honorable Linda R. Cordaro. Judge Cordaro signed the search warrant, as required, multiple times. However, the issuing authority is required to sign the application for a search warrant in two places on the first page; once to signify that probable cause has been established, once to signify the warrant may be served. See Application for Search Warrant and Authorization, at 1. The signature verifying probable cause had been established is missing. The judge presiding over the suppression hearing initially pointed out this fact. Although Pratt has mentioned the missing signature in his Appellant's brief, he has not developed the claim. He has failed to set forth any specific argument regarding the issue

and has cited no case law to support the claim. Accordingly, this portion of Pratt's challenge to the search warrant has been waived.[5] See Commonwealth v. Cole, 167 A.3d 49, 73 (Pa. Super. 2017) (Appellant's failure to adequately develop his argument results in waiver of this issue.); Pa.R.A.P. 2119.

Next, Pratt claims the search warrant was invalid because it was based upon faulty information. This is a novel argument in that the information Pratt claims was lacking from the search warrant, was the fact that the pills had also been purchased during one of the controlled buys. However, those pills were never tested to confirm that they were contraband. Pratt is correct that no information regarding the purchase of pills is to be found in the four corners of the search warrant. However, Pratt fails to explain how this lack of information caused him prejudice. The search warrant was issued based upon the probable cause of two controlled purchases of crack cocaine at the address listed on the search warrant. Whether additional controlled substances or sugar pills were purchased there as well does nothing to affect the probable cause established by the purchase of cocaine. We note that Pratt has not

_____

[5] As noted above, the issuing authority for the search warrant was Judge Linda R. Cordaro, who was also the trial judge. In her Pa.R.A.P. 1925(a) opinion, she recognizes that a signature is missing from one location, but avers that her signature in all other required places indicates proof that she accepted the fact that probable cause had been established, and, therefore, the warrant was not invalid for lack of signature. See Trial Court Opinion, at 2-5, 6/13/2017.

challenged the alleged purchases of cocaine. Pratt has provided no case law in support of his apparent position that ALL information, no matter how irrelevant, must be included in the affidavit of probable cause seeking the search warrant. In this regard, Pratt's argument is undeveloped and the argument is waived.[6]

Pratt's final claim is that the Commonwealth failed to prove he possessed the contraband. Our standard of review for a challenge to the sufficiency of the evidence is well settled.

> The standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom is sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. See Commonwealth v. Dale, 836 A.2d 150, 152, (Pa. Super. 2003). The Commonwealth may sustain its burden of proving every element beyond a reasonable doubt by means of wholly circumstantial evidence. See Commonwealth v. Bruce, 207 Pa.Super. 4, 916 A.2d 657, 661 (2007), appeal denied, 593 Pa. 754, 932 A.2d 74 (2007).
>
> The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. See id. Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. See id. As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record. See Commonwealth v. Kinney, 863 A.2d 581, 584 (P. Super. 2004), appeal denied, 584 Pa. 685, 881 A.2d 819 (2005). Therefore, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be

_____

[6] Pratt has not argued that this aspect of his claim is a new approach to an established issue or is an issue of first impression, thereby making it impossible to provide case law in support of the claim. Even had he presented this aspect of his argument in such light, we would deny relief on the basis that the argument, as presented, is simply illogical.

drawn from the combined circumstances." Bruce, 916 A.2d at 662 (citation omitted).

Commonwealth v. Vogelsong, 90 A.3d 717, 718 (Pa. Super. 2014).

Additionally, possession of contraband may be proven constructively. The standards for constructive possession are as follows:

> To sustain a conviction for PWID, "the Commonwealth must prove both the possession of the controlled substance and the intent to deliver the controlled substance." Commonwealth v. Lee, 956 A.2d 1024, 1028 (Pa. Super. 2008) (citations omitted). It is well settled that "[i]n narcotics possession cases, the Commonwealth may meet its burden by showing actual, constructive, or joint constructive possession of the contraband." Commonwealth v. Vargas, 108 A.3d 858, 868 (en banc) (quotation and quotation marks omitted). Here, the police did not discover the controlled substances on Appellant's person, and thus, we must determine whether the Commonwealth sufficiently established that Appellant had constructive possession of the controlled substances.
>
> This Court has defined constructive possession as follows:
>
> > Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as "conscious dominion." We subsequently defined "conscious dominion" as "the power to control the contraband and the intent to exercise that control." To aid application, we have held that constructive possession may be established by the totality of the circumstances.
>
> Commonwealth v. Brown, 48 A.3d 426, 430 (Pa. Super. 2012) (quotation omitted). "The Commonwealth may sustain its burden by means of wholly circumstantial evidence, and we must evaluate the entire trial record and consider all evidence received against the defendant." Id. (citation omitted).

Commonwealth v. Roberts, 133 A.3d 759, 767-68 (Pa. Super. 2016).

The evidence presented at trial was sufficient to support the conviction for possession of a controlled substance with intent to deliver and possession of a controlled substance by a person not registered. We reiterate that Pratt only challenges the possession aspect of these charges; he does not challenge 'intent to deliver' or being non-registered to possess controlled substances.

At trial, Trooper Tihey testified as they approached Pratt's residence he saw Pratt on the back porch, but then Pratt went out of sight as they neared. After the police entered the home, Pratt's father (the actual homeowner) and sister were located in the kitchen. Both were detained. The police then searched the three-story home, room-by-room and floor by floor. No drugs or drug paraphernalia were discovered on the first or second floors.

As the police ascended the stairs to the third floor, they found the drugs at issue herein. A loose pill and an unmarked pill bottle were in plain view on one of the steps leading to the third floor. The pills were seized. Police found Pratt, with "a deer in the headlights look"[7] in the third floor bedroom. Clothes and a bed indicated the room was occupied. In addition to Pratt, the police found money hidden under a mattress, a gun stored in a cubbyhole in the wall and a cell phone. Additionally, many documents, including Pratt's driver's license and mail, were in the bedroom, indicating Pratt was the room's occupant.

_____

[7] N.T. Trial, 4/3/2017, at 20.

Based upon the totality of the evidence, particularly the facts that the drugs were found on the stairway to Pratt's room, Pratt's room was the only room at the top of the staircase, Pratt was found in his room, no one else was near the contraband, there was no other contraband found in the house, and Pratt's demeanor when the police found him, there is sufficient evidence to prove beyond a reasonable doubt that Pratt constructively possessed the contraband.

Based on the foregoing, Pratt is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/2018