J-S25036-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY DEANGALO PORTER | : | |
| | : | |
| Appellant | : | No. 531 EDA 2025 |

Appeal from the Judgment of Sentence Entered September 23, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0005410-2019

BEFORE: PANELLA, P.J.E., DUBOW, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED AUGUST 19, 2025**

Appellant, Anthony Deangalo Porter, appeals from the judgment of sentence of an aggregate term of 18 to 60 months' incarceration, imposed after he was convicted, following a non-jury trial, of receiving stolen property (18 Pa.C.S. § 3925(a)) and unauthorized use of automobiles and other vehicles (18 Pa.C.S. § 3928(a)). Herein, Appellant challenges the weight of the evidence to sustain the court's verdict, as well as the discretionary aspects of his sentence. We affirm.

The trial court set forth a detailed discussion of the facts and procedural history of Appellant's case, which we adopt herein. *See* Trial Court Opinion (TCO), 4/9/25, at 1-3. We only note that Appellant was convicted of the above-stated crimes following a non-jury trial on May 16, 2024. Appellant was originally scheduled to be sentenced on August 5, 2024, but he failed to appear for that proceeding. After a warrant was issued for his arrest,

Appellant turned himself in, and he was sentenced to the aggregate term set forth *supra* on September 23, 2024. Appellant filed a timely, post-sentence motion, which was denied. He then filed a timely notice of appeal, and he complied with the court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The court filed its Rule 1925(a) opinion on April 9, 2025.

Herein, Appellant presents two issues for our review:

1. Whether the trial court's guilty verdict as to count 1 – receiving stolen property (F-3) was against the weight of the evidence where the vehicle did not have any indicia of being stolen.

2. Whether the trial court's sentence of 18 to 60 months['] incarceration was manifestly excessive and where the trial court failed to adequately consider that this was a property damage claim, … Appellant's family support, the age of his prior convictions[,] and his substance abuse issues.

Appellant's Brief at 5 (unnecessary capitalization omitted).

In assessing Appellant's issues, we have reviewed the certified record, the briefs of the parties, and the applicable law. Additionally, we have examined the well-reasoned opinion of the Honorable Wendy G. Rothstein of the Court of Common Pleas of Montgomery County. We conclude that Judge Rothstein's comprehensive opinion accurately disposes of the issues presented by Appellant. **See** TCO at 3-11. Accordingly, we adopt Judge Rothstein's opinion as our own and affirm Appellant's judgment of sentence for the reasons set forth therein.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/19/2025

# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA     :

                         :

v.                            :

                         :

ANTHONY DEANGALO PORTER     :

Common Pleas Court No.:
CP-46-CR-0005410-2019

Superior Court No.:
531 EDA 2025

## O P I N I O N

**ROTHSTEIN, J.**                                                **April 9, 2025**

Appellant, Anthony Deangalo Porter, ("Defendant") appeals his judgment of sentence imposed on September 23, 2024, following a bench trial in which the court found Defendant guilty of one (1) count each of receiving stolen property[1] and unauthorized use of automobiles and other vehicles.[2] For the reasons that follow, the judgment of sentence is proper and should be affirmed.

## FACTS AND PROCEDURAL HISTORY

On August 13, 2019, the owner of a business named East Falls Beverage on Ridge Avenue in Philadelphia parked one of the company vans in the vicinity of the business and mistakenly left the keys inside the vehicle. Sometime on August 13 or 14, 2019, the business owner discovered the van was no longer located where he had previously parked the vehicle and subsequently reported the incident to the police. On August 15, 2019, at approximately 1:30 a.m., Officer Matthew Seydel of the Montgomery Township Police Department observed a van driving westbound on County Line Road which was traveling at an abnormally low rate of speed and which also appeared to have a flat tire. Officer Seydel turned around and began to follow the van, which he observed had a sign which read "East Falls Beverage." The officer proceeded to perform an inquiry on the vehicle's registration which indicated that the van had been reported

---

[1] 18 Pa.C.S.A. § 3925(a).

[2] 18 Pa.C.S.A. § 3928(a).

MontcoPA Clerk of Courts
APR 9 '25 PM 12:59

as stolen out of Philadelphia, Pa on August 14, 2019. Officer Seydel subsequently effectuated a traffic stop of the van at a Wawa located at the intersection of County Line Road and Butler Avenue.

An individual, later identified as Defendant, exited the vehicle from the front driver's side door and informed the officer that he had taken the van after discovering the keys were located inside. The officer later transported Defendant to the police station in order to conduct an interview following the administration of *Miranda*[3] warnings. During this interview, Defendant admitted he took the van at approximately 3 p.m. on August 14, 2019 in order to go home. Defendant also stated that the keys were located inside the vehicle, he did not know the owner and he did not have permission to take the van.

On May 16, 2024, the court held a bench trial and found Defendant guilty of the charges referenced above. The court scheduled sentencing to take place on August 5, 2024, but Defendant failed to appear on this date and the court issued a bench warrant. Defendant eventually turned himself in and on August 26, 2024, the court remanded Defendant to Montgomery County Correctional Facility and revoked the bench warrant. On September 23, 2024, following the rescheduled sentencing hearing, the court imposed an aggregate sentence of eighteen (18) to sixty (60) months of imprisonment (one and one-half (1½) to five (5) years).

On October 1, 2024, Defendant filed timely post-sentence motions. On January 22, 2025, the court denied Defendant's post-sentence motions. On February 20, 2025, Defendant filed a timely notice of appeal. On February 21, 2025, the court issued an Order directing Defendant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) (the "Concise Statement") within twenty-one (21) days. On March 10, 2025, Defendant filed a timely Concise Statement. Within his Concise Statement, Defendant requested an extension of time to file an amended Concise Statement upon completion of the trial transcript. On March 12, 2025, the court granted Defendant's request and directed that the amended Concise Statement should be filed no later than April 4, 2025. On March 31, 2025,

---

[3] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602 (U.S. 1966).

2

Defendant filed a timely amended Concise Statement (the "Amended Concise Statement"). In his Amended

Concise Statement, Defendant raises the following two (2) issues:

> [WHETHER] THE VERDICT OF RECEIV[ING] STOLEN PROPERTY WAS AGAINST THE WEIGHT OF THE EVIDENCE WHERE THE TESTIMONY AT TRIAL SHOWED THERE WAS NO DAMAGE TO THE STEERING COLUMN OF THE VEHICLE AND THAT KEYS WERE USED TO OPERATE THE VEHICLE[?]
>
> [WHETHER] THE SENTENCE WAS UNDULY HARSH AND EXCESSIVE[?]

(Defendant's Amended Concise Statement).

## DISCUSSION

### I.    WEIGHT AND SUFFICIENCY OF THE EVIDENCE

In his first issue, Defendant alleges the court's verdict was against the weight of the evidence. As a preliminary matter, in order to preserve a weight of the evidence claim a defendant must raise the claim in a motion for a new trial "(1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607(A). Failure to comply with Rule 607 will result in waiver, even if a defendant includes a weight of the evidence claim in a Rule 1925(b) statement and the trial court addresses the issue in its Rule 1925(a) opinion. *Commonwealth v. Sherwood*, 603 Pa. 92, 110, 982 A.2d 483, 494 (Pa. 2009), *certiorari denied*, 559 U.S. 1111, 130 S.Ct. 2415, 176 L.Ed.2d 932 (2010). Instantly, Defendant did not raise any weight of the evidence claims either prior to or during the sentencing hearing. Further, Defendant's post-sentence motion does not raise any weight claims. The first time Defendant presented this claim was in his Amended Concise Statement. Therefore, Defendant's challenge to the weight of the evidence is waived and Defendant's inclusion of the claim in his Amended Concise Statement has not preserved this issue. *See id.*

Moreover, Defendant appears to have conflated related, albeit distinct claims, the sufficiency of the evidence and the weight of the evidence. Specifically, Defendant purports to challenge the weight of the evidence, but then focuses on the absence of certain factors such as an undamaged steering column and Defendant's use of keys to operate the vehicle. This claim appears to challenge the sufficiency rather than

3

the weight of the evidence. In an abundance of caution, the court will address both the sufficiency of the evidence and the weight of the evidence within its analysis of Defendant's first issue.[4]

"The standard of review for a challenge to sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom is sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt." *Commonwealth v. Vogelsong*, 90 A.3d 717, 718 (Pa.Super. 2014) *appeal denied*, 628 Pa. 622, 102 A.3d 985 (2014). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. ...[T]he trier of fact while passing upon the credibility of witnesses and weight of the evidence produced, is free to believe all, part or none of the evidence." *Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa.Super. 2011) *appeal denied*, 613 Pa. 642, 32 A.3d 1275 (2011) (internal quotation marks omitted). Reasonable doubt necessarily entails that a conviction "must be based on more than mere suspicion or conjecture", however, "the Commonwealth need not establish guilt to a mathematical certainty." *Commonwealth v. Stokes*, 78 A.3d 644, 649 (Pa.Super. 2013) *appeal denied*, 625 Pa. 636, 89 A.3d 661 (2014) (internal quotation marks omitted). Further, "when reviewing the sufficiency of the evidence, [the Superior Court] may not substitute its judgment for that of the fact-finder; if the record contains support for the convictions, they may not be disturbed." *Id.*

Receiving stolen property is established by proving that the accused "intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen or believing that it has probably been stolen, unless the property is received, retained, or disposed of with intent to restore it to the owner." 18 Pa.C.S.A. § 3925(a).

The weight of the evidence is exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. *Commonwealth v. McCloskey*, 835

---

[4] Although the court has already determined Defendant's weight of the evidence claim was not properly preserved, it will perform an analysis as to why he would not be entitled to relief if the claim had not been waived.

A.2d 801, 809 (Pa.Super. 2003), *appeal denied*, 577 Pa. 713, 847 A.2d 1281 (2004). "A motion for a new trial on grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to support the verdict, but contends nevertheless, that the verdict is against the weight of the evidence." *Commonwealth v. Davis*, 799 A.2d 860, 865 (Pa.Super. 2002). Whether a new trial should be granted on grounds that it is against the weight of the evidence is addressed to the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *Id.* "A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion." *Commonwealth v. Clay*, 619 Pa. 423, 432, 64 A.3d 1049, 1055 (2013). Instead, a new trial should be granted only in truly extraordinary circumstances. *Commonwealth v. Edwards*, 588 Pa. 151, 168, 903 A.2d. 1139, 1148 (2006), *certiorari denied*, 549 U.S. 1344, 127 S.Ct. 2030, 167 L.Ed.2d 772 (2007). "In order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Commonwealth v. Talbert*, 129 A.3d 536, 546 (Pa.Super. 2015), *appeal denied*, 635 Pa. 773, 138 A.3d 4 (2016) (internal citation and quotation marks omitted).

In determining whether the verdict is against the weight of the evidence, the role of the trial court is to determine whether "notwithstanding all the facts, certain facts are so clearly of greater weight to ignore them or to give them equal weight with all the facts is to deny justice." *Commonwealth v. Widmer*, 560 Pa. 308, 320, 744 A.2d 745, 752 (2000) (internal citations omitted). Stated more concisely, the verdict should not be disturbed unless it is so contrary to the evidence as to shock one's sense of justice. *Commonwealth v. Miller*, 555 Pa. 354, 367, 724 A.2d 895, 901 (1999) *certiorari denied*, 528 U.S. 903, 120 S.Ct. 242, 145 L.Ed.2d 204 (1999). A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when "the figure of Justice totters on her pedestal," or when "the jury's verdict, at the time of its rendition, causes the trial judge to lose [her] breath, temporarily, and causes [her] to almost fall from the bench, then it is truly shocking to the judicial conscience." *Commonwealth v. Davidson*, 860 A.2d 575, 581 (Pa.Super. 2004) (internal citations omitted). "The trial court's denial of a motion for a new

5

trial based on a weight of the evidence claim is the least assailable of its rulings." *Commonwealth v. Cousar*, 593 Pa. 204, 223, 928 A.2d 1025, 1036 (2007), *certiorari denied*, 553 U.S. 1035, 128 S.Ct. 2429, 171 L.Ed.2d 235 (2008).

Instantly, on August 13, 2019, the owner of East Falls Beverage parked one of the company vans in the vicinity of the business and mistakenly left the keys inside the vehicle. (N.T. Trial by Judge, 5/16/24, at 8-11). Sometime on August 13 or 14, 2019, the business owner discovered the van was no longer located where he had previously parked the vehicle and subsequently reported the incident to the police. (*Id.* at 9-11). The business owner testified that he did not know Defendant and did not provide him with permission to use the van. (*Id.* at 11-12).

On August 15, 2019, at approximately 1:30 a.m., Officer Matthew Seydel of the Montgomery Township Police Department observed a van driving westbound on County Line Road which was traveling at an abnormally low rate of speed and which also appeared to have a flat tire. (*Id.* at 20-21). Officer Seydel turned around and began to follow the van, which he observed had a sign which read "East Falls Beverage." (*Id.* at 21). The officer proceeded to perform an inquiry on the vehicle's registration which indicated that the van had been reported as stolen out of Philadelphia, Pa on August 14, 2019. (*Id.* at 21-22). Officer Seydel subsequently effectuated a traffic stop of the van at a Wawa located at the intersection of County Line Road and Butler Avenue. (*Id.* at 22).

Defendant exited the vehicle from the front driver's side door and informed the officer that he had taken the van after discovering the keys were located inside. (*Id.* at 23-24). The officer later transported Defendant to the police station in order to conduct an interview following the administration of *Miranda* warnings. (*Id.* at 24). During this interview, Defendant admitted he took the van at approximately 3 p.m. on August 14, 2019 in order to go home. (*Id.* at 28, Commonwealth Exhibit C-3). Defendant also stated that the keys were located inside the vehicle, he did not know the owner and he did not have permission to take the van. (*Id.*). Officer Seydel testified that Defendant's statement indicating he took the van in order to go home seemed to be contradictory to the fact that Defendant's westbound direction of travel on County

6

Line Road would take him in the opposite direction from his home located on Loudon Street in Philadelphia, Pa. (*Id.* at 36).[5]

When viewed in a light most favorable to the Commonwealth as the verdict winner, the evidence was sufficient to establish Defendant's actions satisfied all of the elements of receiving stolen property. *See Vogelsong, supra.* Defendant was stopped by the police while driving the East Falls Beverage van and admitted that he did not know the owner of the vehicle or possess permission to use the van. Defendant had utilized keys mistakenly left inside the vehicle in order to operate the van and the totality of the circumstances demonstrated he did not intend to return the van to its owner. When Officer Seydel observed Defendant driving the van, approximately ten and one-half hours (10½) hours had elapsed from the time Defendant had taken the vehicle according to the timeline provided by Defendant himself. Additionally, when Officer Seydel first encountered the van, it was traveling in the opposite direction from both Defendant's home and the East Falls Beverage location. Therefore, the evidence was sufficient to establish that Defendant retained the East Falls Beverage van, knowing it was stolen, and he did not intend to return the vehicle to the business. *See* 18 Pa.C.S.A. § 3925(a).

With respect to Defendant's weight claim, the record demonstrates the evidence introduced by the Commonwealth fully supported the court's verdict. The court was free to believe all, part or none of the evidence and made a determination that Defendant did not intend to restore the van to its owner despite questioning and argument by defense counsel attempting to highlight the lack of information regarding Defendant's future intentions with respect to the van. The court instead chose to rely upon other evidence which demonstrated Defendant had no intent to return the van to East Falls Beverage. Therefore, the verdict was not so contrary to the weight of the evidence such that it shocks one's sense of justice. *See Miller, supra.* Accordingly, Defendant's first issue merits no relief.

---

[5] The court further takes judicial notice that Defendant's westbound direction of travel on County Line Road in Montgomery Township would also take him in the opposite direction from the East Falls Beverage location. "A court may take notice of an indisputable adjudicative fact." *Interest of D.S.*, 622 A.2d 954, 957 (Pa.Super. 1993). *See also* Pa.R.E. 201(b).

7

## II. DISCRETIONARY ASPECTS OF SENTENCE

In his second issue, Defendant contends his aggregate sentence was unfairly harsh and excessive and the court improperly focused on the gravity of the offenses and protection of the public at the expense of mitigating factors.

The standard of review with respect to sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgement. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa.Super. 1999) (*en banc*) (internal quotation marks and citations omitted). "When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S.A. § 9721(b), that is, the protection of the public, gravity of the offense in relation to impact on victim and community, and rehabilitative needs of the defendant...." *Commonwealth v. Fullin*, 892 A.2d 843 (Pa.Super. 2006) (internal citations omitted). "When reviewing sentencing matters, [the Superior Court] must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." *Commonwealth v. Ventura*, 975 A.2d 1128, 1134 (Pa.Super. 2009), *appeal denied*, 604 Pa. 706, 975 A.2d 1128 (2009).

A claim that a sentence is manifestly excessive challenges the discretionary aspects of sentencing. *Commonwealth v. Hoag*, 665 A.2d 1212 (Pa.Super. 1995). "[T]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*). To properly preserve such a claim for appellate review, the defendant must present the issue in either a post-sentence motion or raise the claim during the sentencing proceedings. *Id.* "Absent such efforts, an objection to a discretionary aspect of sentence is waived." *Commonwealth v. Watson*, 835 A.2d 786, 791 (Pa.Super. 2003). This failure cannot be cured by submitting the challenge in

a Rule 1925(b) statement. *Id.* Here, Defendant raised the discretionary aspects of sentencing claim in his post-sentence motion, thus the issue is preserved on appeal.

To obtain review on the merits of a challenge to the discretionary aspects of a sentence, a defendant must include a Pa.R.A.P. 2119(f) statement in his brief and he must show that there is a substantial question that the sentence imposed is not appropriate under the sentencing code (42 Pa.C.S. § 9781(b).) *Commonwealth v. Raven*, 97 A.3d 1244, 1252 (Pa.Super. 2014) *appeal denied* 629 Pa. 636, 105 A.3d 736 (2014). "A substantial question requires a showing that the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Id.* (internal citations and quotation marks omitted).

A sentencing court has discretion to impose multiple sentences consecutively or concurrently and, ordinarily, a challenge to this exercise of discretion does not raise a substantial question. *Commonwealth v. Pass*, 914 A.2d 442, 446-47 (Pa.Super. 2006). Generally, an allegation that sentencing court failed to consider or did not adequately consider certain mitigating factors does not raise a substantial question that the sentence was inappropriate. *Commonwealth v. Lewis*, 911 A.2d 558, 567 (Pa.Super. 2006). *See also Commonwealth v. Mobley*, 581 A.2d 949, 952 (Pa.Super. 1990) (holding claim that sentencing court failed to take into consideration defendant's rehabilitative needs and issued manifestly excessive sentence did not raise substantial question where sentence was within statutory limit and sentencing guidelines).

"[W]here a sentence is within the standard range of the [sentencing] guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa.Super. 2010). "Where the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Id.* (internal citation omitted). A combination of a PSI and a standard range sentence, absent more, **cannot be considered excessive and unreasonable.** *Commonwealth v. Cruz-Centeno*, 668 A.2d 536 *appeal denied* 544 Pa. 653, 676 A.2d 1195 (1996) (emphasis added).

9

As a preliminary matter, Defendant's issue presented in his concise statement does not raise a substantial question warranting review. *See Pass, supra*; *Lewis, supra*; *Mobley, supra*. Moreover, even if Defendant had raised a substantial question, he would still not be entitled to relief. Instantly, Defendant's aggregate sentence of one and one-half (1½) to five (5) years of imprisonment consists of a mitigated range sentence with respect to the receiving stolen property charge.[6] Thus, to the extent Defendant contends his aggregate sentence is excessive and unreasonable, this claim has no merit. *See Moury, supra*.

The court also had the benefit of a PSI report and considered all of the mitigating factors related to Defendant. (N.T. Sentencing, 9/23/24, at 4). Additionally, the court considered all other factors required under 42 Pa.C.S.A. § 9721(b), such as the sentencing guidelines. (*Id.*). The court also had the benefit of sentencing memorandum prepared by defense counsel and letters written in support of Defendant by his family members. (*Id.*). Therefore, the record indicates the court was aware of relevant information regarding Defendant's character, including mitigating factors, and weighed this information when it imposed sentence. The combination of Defendant's mitigated range sentence and the court's analysis of the PSI, therefore, resulted in a sentence which cannot be considered excessive or unreasonable. *See Cruz-Centeno, supra*.

Defendant stole a van parked outside of a business and failed to appear for the originally scheduled sentencing hearing in addition to multiple pre-trial proceedings scheduled throughout the history of this matter.[7] The court referenced these details and other factors in its reasoning for the sentence it imposed:

| THE COURT: | We all must abide by, we are a country of laws. One of those laws is you do not steal what is not yours. People need to feel safe that their property will not be stolen. People need to respect other people's properties. You chose to steal a van that did not belong to you. There is no excuse for that. |
|---|---|

---

[6] The concurrent one (1) to two (2) month sentence with respect to the unauthorized use of automobiles and other vehicles charge was a standard range sentence.

[7] Specifically, Defendant failed to appear for a preliminary hearing scheduled for August 29, 2019, a pre-trial conference scheduled for December 16, 2021 and a pre-trial conference scheduled for March 7, 2024. The court issued bench warrants following each of Defendant's failures to appear.

10

This sentence is necessary to deter both you and others.

Furthermore, you [were] granted bail pending sentencing. You showed a lack of respect for our judicial process through the entire process, in addition to not appearing for sentencing. Based on what you presented, I typically do not do mitigated, however, I am doing mitigated here. However, a time served sentence is well below mitigated and I cannot justify that.

(N.T. Sentencing, 9/23/24, at 12-13) (emphasis added). The record demonstrates the court considered the magnitude of Defendant's actions, in addition to the support offered by his family, and determined that a mitigated range sentence was appropriate. In reaching this decision, the court took mitigating factors into account and determined that these factors justified a decreased sentence, but not a sentence below the mitigated range.

Accordingly, the court appropriately considered all of the factors set forth in 42 Pa.C.S.A. § 9721(b) and did not abuse its discretion when it imposed an aggregate sentence of one and one-half (1½) to five (5) years of imprisonment. *See Rodda, supra.*

## CONCLUSION

For the reasons set forth above, the judgment of sentence is proper and should be affirmed.

BY THE COURT:

WENDY G. ROTHSTEIN,          J.

Copies of the above Opinion sent on April 9, 2025:
**By E-Mail To:**
    Robert Falin, Esquire/Emily Phou/Brandon Rapp (District Attorney's Office)
    Michael Huff, Esquire (Public Defender's Office)
**By First Class Mail To:**
    Anthony Deangalo Porter (Defendant) (SCI Laurel Highlands #QQ7589)

Judicial Assistant

11